**Thayde L. JONES, Plaintiff and Appellee,**

v.

**CYPRUS PLATEAU MINING CORPORATION, a Delaware corporation, Defendant and Appellant.**

No. 960238.

Supreme Court of Utah.

Aug. 12, 1997.

Dennis J. Conroy, Fred R. Silvester, Clark A. McClellan, Salt Lake City, for plaintiff and appellee.

Kenneth W. Yeates, Jeremy M. Hoffman, D. Matthew Moscon, Salt Lake City, for defendant and appellant.

DURHAM, Justice:

Defendant Cyprus Plateau Mining Corporation (Cyprus) appeals from a judgment in favor of plaintiff Thayde L. Jones. Cyprus also appeals from the district court's denial of its motion for a new trial. We affirm.

## BACKGROUND

In 1990, a large rock face fell on Jones, injuring him while he worked in Cyprus's Star Point No. 2 Mine as an employee of J.S. Redpath Company (Redpath). Redpath was under contract to Cyprus to construct tunnels between coal seams at the mine. The area contained vertical ground displacement, known as "graben," that makes tunneling particularly difficult. Jones was operating a hand-held "jack leg" drill, attempting to create blasting holes in the rock face, which dislodged and injured him.

In 1992, Jones filed a complaint against Cyprus, alleging that it negligently breached its nondelegable duty to maintain mine safety and to warn him of the rock face's danger. At trial, the jury returned a verdict for Jones, apportioning 25% of the fault to Redpath and 75% to Cyprus. Cyprus moved for a new trial, alleging errors of law in the trial court's jury instructions and in the exclusion of references (both as direct evidence and during cross-examination of Jones's expert) to the Mine Safety and Health Administration's (MSHA) failure to issue Cyprus a citation in connection with Jones's accident.

## JURY INSTRUCTIONS

■ Cyprus contends that the district court's jury instruction 41, regarding Cyprus's nondelegable duties, constituted error because it misstated Utah law and was vague and potentially confusing. The district court. ruled that jury instruction 41 was proper because it was taken directly from the Model Utah Jury Instructions (MUJI).[1] While we affirm this ruling, we explicitly distinguish Utah law from the MUJI. That is, the MUJI are merely advisory and do not necessarily represent correct statements of Utah law.

■ At trial, Cyprus objected that instruction 41 "misstates the law, the law in Utah and that it does not—well, that's the grounds for the exception." Because Cyprus's objection to instruction 41 was not adequately preserved for appeal due to the lack of specificity in its initial objection, we need not rule on whether the instruction was correct. Under Utah law, objections must be raised with sufficient specificity at trial for the trial judge to have a legal basis for altering or rejecting the instruction. Utah R. Civ. P. 51. Under rule 51, "a party must state distinctly the matter to which he objects and the grounds for objection." We have interpreted this to mean that an objection must be sufficiently precise so as to alert the trial court to all claimed errors and to give the judge an opportunity to make corrections to the instructions before the jury retires. *See Nielsen v. Pioneer Valley Hosp.*, 830 P.2d 270, 271 (Utah 1992). This specificity requirement also serves to preserve an objection for review on appeal. *Id.* at 272. Because Cyprus neither requested an alternative instruction nor asked the court to reword its instruction, we find that Cyprus did not provide the trial court with a sufficient basis upon which to amend or correct its instructions. Cyprus failed to preserve its objection to instruction 41 adequately.

1. The trial court's jury instruction 41, which was modeled on MUJI 25.11, states:

    Another exception to the general rule that a principal is usually not liable to others for the acts or omissions of the independent contractor, is where by Utah or Federal law, such as those just read to you, the one who employs an independent contractor has a non-delegable duty to undertake certain precautions and procedures for the protection of others. Here, Cyprus as the principal is liable for the harm proximately caused to the plaintiff as a result of any failure or omission of an independent contractor to undertake such precautions and procedures for the miners working in its mine.

■ This case is complicated by the trial court's failure to hear exceptions to the jury instructions on the record before the jury retired for its deliberations. That "the object of the instructions is to enlighten the jury" is obvious. *Id.* at 275. Thus, Utah law requires that exceptions to jury instructions be taken *before* the jury retires for its deliberations to permit necessary changes and to give the trial judge a chance to correct mistakes. In fact, rule 51 states in part that objections to instructions are to be made "before the jury retires to consider its verdict." We take this opportunity to reemphasize the language in *Nielsen,* where we concluded:

> Under rule 51, trial judges are to take objections to jury instructions before the jury is dismissed to begin deliberations. It is all too common today to have counsel recite objections to the court reporter after the jury has retired and the judge has left the bench. This is ill-advised because it defeats the rule's primary function.

*Id.* at 272.

■ We conclude that the trial court's procedural error was harmless because Cyprus's objection to instruction 41 was not sufficiently specific to have allowed the judge to correct the instruction regardless of when it was taken. Harmless errors are those that are sufficiently inconsequential so no reasonable likelihood exists that the error affected the outcome of the proceedings. *See Harline v. Barker,* 912 P.2d 433, 442 (Utah 1996). Given the inadequacy of Cyprus's objection, the fact that the trial court heard exceptions to the instructions after the jury retired for its deliberations does not undermine our confidence in the verdict.

## EVIDENTIARY ISSUES

■ Cyprus contends that by excluding evidence showing that MSHA did not issue a citation in connection with Jones's accident, the trial court committed prejudicial error. It further argues that since Jones opened the door for this evidence during direct examination of his expert, Cyprus should have been allowed to cross-examine Jones's expert on MSHA's failure to cite Cyprus for Jones's accident. We disagree with both contentions. First, the hypothetical questions Jones put to his expert did not open the door for Cyprus to explore MSHA's failure to issue a citation to Cyprus.

The trial court granted Jones's motion in limine regarding MSHA's failure to issue a citation to either Redpath or Cyprus in connection with Jones's injury because Cyprus did not oppose the motion and because the parties stipulated that they would not seek to introduce direct evidence regarding this issue. At trial, however, Cyprus sought to cross-examine Jones's expert with regard to the nonissuance of a citation in connection with Jones's accident. Normally, this information would be admissible under rule 705 of the Utah Rules of Evidence as the basis of an expert's opinion. However, since the MSHA investigator who was present at the Star Point No. 2 Mine on the day of Jones's accident could not appear at trial, the district court sustained Jones's objection to admission of this evidence as prejudicial under rule 403 of the Utah Rules of Evidence.

■ Second, in reviewing rulings on admissibility under rule 403, we will not overturn the trial court's determination absent an abuse of discretion. *See Harline,* 912 P.2d at 441. However, we need not reach the question of whether the trial court's exclusion of this evidence constituted an abuse of discretion because Cyprus has not shown prejudicial error. Under Utah law, " '[a]n erroneous decision to admit or exclude evidence does not constitute reversible error unless the error is harmful.' " *Jouflas v. Fox Television Stations, Inc.,* 927 P.2d 170, 173 (Utah 1996) (quoting *Cal Wadsworth Constr. v. City of St. George,* 898 P.2d 1372, 1378 (Utah 1995)). Harmful error occurs where "the likelihood of a different outcome in the absence of the error is 'sufficiently high so as to undermine confidence in the verdict.' " *Id.* at 174 (quoting *State v. Knight,* 734 P.2d 913, 920 (Utah 1987)).

In the instant case, Cyprus offers the mere speculation that the jury concluded that a citation may have been issued to Cyprus in connection with Jones's accident. Cyprus does not show any probability that the outcome would have been different had the evi-

dence of MSHA's failure to cite Cyprus been admitted. Because Cyprus has not demonstrated that it was prejudiced by the trial court's ruling to exclude this evidence, we need not consider its other contentions.

The trial court denied Cyprus's motion for a new trial. Cyprus premised that motion on the jury instruction and evidentiary arguments discussed above. We review a denial of a motion for a new trial under an abuse-of-discretion standard. *See Goddard v. Hickman*, 685 P.2d 530, 532 (Utah 1984) ("A trial court has broad latitude in granting or denying a motion for a new trial, and will not be overturned on appeal absent a clear abuse of discretion."). Since we find no merit in Cyprus's jury instruction and evidentiary challenges, we affirm the district court's denial of Cyprus's motion for a new trial.

The decision of the district court is affirmed.

ZIMMERMAN, C.J., and HOWE and RUSSON, JJ., concur in Justice DURHAM's opinion.

STEWART, Associate C.J., concurs in the result.