**2013 UT App 21**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

DANNON PARKER,

*Defendant and Appellant.*

Memorandum Decision
No. 20110014-CA
Filed January 25, 2013

Eighth District, Vernal Department
The Honorable Edwin T. Peterson
No. 091800200

Cindy Barton, Attorney for Appellant
John E. Swallow and Brett J. DelPorto, Attorneys for Appellee

JUDGE WILLIAM A. THORNE JR. authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS
and MICHELE M. CHRISTIANSEN concurred.

THORNE, Judge:

¶1     Defendant Dannon Parker appeals from his conviction on
one count of rape, a first degree felony. *See generally* Utah Code
Ann. § 76-5-402 (LexisNexis 2012). We affirm.

¶2     Parker argues on appeal that his trial counsel's entire course
of action, before and during trial, indicates a complete lack of
preparation that prejudiced his defense and denied him his right
to effective assistance of counsel. Parker illustrates his argument

with a dizzying array of alleged shortcomings by his trial counsel. However, many of these amount to "hindsight" guesses about potentially better ways to have approached the case that are not grounded in the record as to either performance or prejudice.

¶3    According to Parker, his trial counsel was completely ineffective because counsel failed to

> produce evidence that may have resulted in the State reacting very differently to the charges before trial. He did not bring Motions early enough to have been able to suppress medical testimony that may have been out of custody. He did not review medical or expert testimony to the point [that] he called [no] counter expert testimony, and left ambiguous results on the DNA evidence stand as clear and convincing. The jury even with this confusion of evidence could not find any evidence of the sodomy charge.[1] Reasonable and adequate amount of rebuttal may well have turned the tide on the rape charge, but was not given because of the lack of preparation by the defense.

Parker goes on to make the specific assertion that counsel was ineffective because he failed to obtain and produce a tape recording in which the victim admitted to making false rape allegations, failed to provide testimony that would have explained that it is not uncommon to find one cohabitant's DNA on another cohabitant's person, and failed to conduct effective cross-examination.

¶4    Parker asks us to conclude that these allegations establish that his trial counsel was ineffective and entitle him to a new trial. In support of this argument, Parker provides us only with two

---

[1]Parker is apparently referring to a separate charge of object rape, of which the jury acquitted him. *See generally* Utah Code Ann. § 76-5-402.2 (LexisNexis 2012).

lengthy case quotations, one from *State v. Lenkart*, 2011 UT 27, 262 P.3d 1, regarding counsel's duty to conduct adequate investigation, *see id.* ¶¶ 27–28, and the other from *Strickland v. Washington*, 466 U.S. 668 (1984), *see id.* at 686 ("The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.").

¶5      The standards for establishing a successful ineffective assistance claim are well established. To prevail on his claim of ineffective assistance of counsel, Parker must demonstrate that (1) his trial counsel "rendered deficient performance which fell below an objective standard of reasonable professional judgment, and (2) counsel's deficient performance prejudiced him." *State v. Chacon*, 962 P.2d 48, 50 (Utah 1998); *see also Strickland*, 466 U.S. at 686–87. To show deficient performance, Parker must "overcome the strong presumptions that counsel's performance fell within the wide range of reasonable professional assistance and that under the circumstances, the challenged action might be considered sound trial strategy." *State v. Tennyson*, 850 P.2d 461, 465 (Utah Ct. App. 1993) (citation and internal quotation marks omitted). Further, he can establish prejudice "only by showing there is a reasonable probability that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 466 (quoting *Strickland*, 466 U.S. at 694); *see also Chacon*, 962 P.2d at 50 (stating that prejudice must be "a demonstrable reality and not a speculative matter" (citation and internal quotation marks omitted)).

¶6      Although Parker alleges a litany of complaints about his trial counsel's performance, he never establishes that any of counsel's various acts and omissions either fell below reasonable professional standards or resulted in prejudice. The two claims that Parker spends the most effort in developing—counsel's failure to obtain the tape recording of the victim and his failure to present expert testimony—are entirely speculative because neither the contents of the alleged tape nor any proposed expert testimony is contained in the record. *See State v. Bryant*, 2012 UT App 264, ¶ 25,

290 P.3d 33 (refusing to speculate about prejudice where a defendant had "not identified any record evidence indicating that he suffers from mental illness in some relevant way that his trial counsel failed to discover"). Further, Parker failed to request a remand under rule 23B of the Utah Rules of Appellate Procedure to make a record showing of the tape's contents or any expert testimony. *See generally id.* ("Bryant has neither requested a rule 23B remand nor identified specific facts pertaining to his alleged mental illness to warrant such a remand."). Parker's trial counsel also obtained an acquittal for Parker on another first degree felony charge of object rape, a charge that presumably implicated many of the same witness credibility, expert testimony, and other issues that Parker argues here. Under these circumstances, we cannot conclude that Parker has demonstrated that his trial counsel provided him with ineffective assistance warranting a new trial.

¶7     Parker also briefly argues, with no citation to authority, that the district court committed plain error when it failed to sua sponte declare a mistrial or otherwise grant Parker a new trial due to his trial counsel's shortcomings. We agree with the State that this argument is inadequately briefed, and we do not consider it further. *See State v. Garner*, 2002 UT App 234, ¶ 8, 52 P.3d 467 ("It is well established that Utah appellate courts will not consider claims that are inadequately briefed."); *see also* Utah R. App. P. 24(a)(9) ("The argument shall contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on.").

¶8     We conclude that Parker has not established that his trial counsel provided him with ineffective assistance and that he has not adequately briefed his argument that the district court committed plain error by failing to sua sponte declare a mistrial or grant Parker a new trial. For these reasons, we affirm Parker's conviction.

_____