**2014 UT App 241**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
DAVID LEWIS,
Defendant and Appellant.

Opinion
No. 20120712-CA
Filed October 17, 2014

Third District Court, Salt Lake Department
The Honorable Judith S.H. Atherton
No. 091905016

Lori J. Seppi, Attorney for Appellant

Sean D. Reyes and Christopher D. Ballard,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGES
JAMES Z. DAVIS and JOHN A. PEARCE concurred.

ORME, Judge:

¶1     A jury convicted defendant David Lewis of sexual abuse of
a child, a second degree felony. He appeals, arguing, among other
things, that his trial counsel was ineffective for failing to object to
flawed jury instructions. We agree. Accordingly, we reverse his
conviction and remand for a new trial.

BACKGROUND[1]

¶2     Though it was already an hour past their usual bedtime, two sisters, ages thirteen and eleven, were allowed to stay up late and watch a movie with family and friends in the basement of the house where they were staying that weekend. The house belonged to Defendant's sister. Defendant lived there, as did the girls' mother and her boyfriend. The girls would spend the night there when their mother had custody of them. Defendant was among those watching the movie that night. About halfway through the movie, the eleven-year-old girl left to sleep in a basement bedroom. Others went upstairs to get snacks or to go to bed. At some point, Defendant was alone with the thirteen-year-old girl. The girl testified that Defendant told her she was sexy and then touched her breast and vagina over her clothing. She said he attempted to touch her again, at which point she grabbed his hand and pulled it away. The girl further testified that Defendant then told her that she needed some sleep and took her to the room where her younger sister was already sleeping. She felt scared, so she ran upstairs and told her mother's boyfriend what had happened. Based on this account, the State charged Defendant with sexual abuse of a child, a second degree felony.

¶3     The eleven-year-old girl testified that Defendant came into the room where she was sleeping and told her to take her pants off. She replied that she just wanted to sleep. She testified that she later woke up to find Defendant next to the bed, apparently trying to remove her pants. She told Defendant to get out, and he left. Based on this, the State charged Defendant with one count of attempted sexual abuse of a child, a third degree felony.

---

1. "On appeal, we recite the facts from the record in the light most favorable to the jury's verdict and present conflicting evidence only as necessary to understand issues raised on appeal." *State v. Bluff*, 2002 UT 66, ¶ 2, 52 P.3d 1210 (citation and internal quotation marks omitted).

¶4    Defendant claimed that the whole situation was the result of a misunderstanding. He admitted that he had told the thirteen-year-old girl that she was as pretty as the girls in the movie they were watching and asked her to show him her stomach. According to his version of events, she lifted up her shirt, and he teasingly poked her stomach, telling her that she needed to work on her abs.

¶5    At trial, the proposed jury instructions on the elements of sexual abuse of a child closely followed the text of the applicable statute, which reads:

> A person commits sexual abuse of a child if . . . the actor touches the anus, buttocks, or genitalia of any child, the breast of a female child, or otherwise takes indecent liberties with a child . . . with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.[2]

Utah Code Ann. § 76-5-404.1(2) (LexisNexis Supp. 2013).[3]

¶6    After reviewing the proposed jury instructions, Defendant's trial counsel raised only one concern, namely that the statute described the intent element of the sexual abuse charge as requiring the "intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of

---

2. For purposes of this statute, "touching" includes touching "accomplished through clothing." *See* Utah Code Ann. § 76-5-407(3) (LexisNexis 2012).

3. Because the statutory provisions in effect at the relevant time do not differ materially from the statutory provisions now in effect, we cite the current edition of the Utah Code Annotated as a convenience to the reader.

any person." *Id*. Trial counsel pointed out that the State's evidence contained nothing about "bodily pain" and successfully argued that the surplus statutory language in the instruction could be confusing. Trial counsel failed, however, to identify other inapplicable or vague parts of the proposed instruction that had the potential to be even more confusing—specifically, the phrase "indecent liberties." The jury ultimately received the following instruction about the elements of the sexual abuse charge, with our emphasis added:

> 1. That on or about April 24, 2009, in Salt Lake County, the defendant;
> 2. Intentionally or knowingly;
> 3. Touched the genitals, buttocks, or anus of [the thirteen-year-old girl] or *otherwise took indecent liberties* with [the girl]; and
> 4. At the time of the touching, [the girl] was under 14 years of age; and
> 5. The touching was done with the intent to cause substantial emotional pain to any person, or with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.[4]

The instructions did not include a definition of "indecent liberties."

¶7     At the conclusion of the trial, the jury, possibly finding the eleven-year-old girl's testimony unreliable, acquitted Defendant of the attempted sexual abuse charge. The jury did, however, convict Defendant on the sexual abuse charge involving the thirteen-year-old girl. In a motion for a new trial, Defendant raised a claim of

---

4. The record does not indicate why touching the breast of a female child was omitted from the jury instruction while touching the buttocks or anus was left in. After all, the thirteen-year-old girl claimed Defendant touched her breasts as well as her vagina, but not her buttocks or anus.

ineffective assistance of counsel. His principal argument was that his trial counsel should have objected to the inclusion of the phrase "indecent liberties" in the jury instructions without its accompanying legal definition, which differs significantly from what reasonable jurors might otherwise understand the words to mean, left to their own devices. The trial court denied the motion because it concluded that even though there were errors in the jury instructions, the defects "did not have a substantial adverse effect on the rights of the defendant."

ISSUE AND STANDARD OF REVIEW

¶8     Defendant argues that he received ineffective assistance of counsel and that the trial court erred in denying his motion for a new trial.[5] "When reviewing the denial of a motion for new trial based on an ineffective assistance of counsel claim, we defer to the trial court's factual findings unless clearly erroneous, but remain 'free to make an independent determination of a trial court's [legal] conclusions.'" *State v. Brandley*, 972 P.2d 78, 81 (Utah Ct. App. 1998) (quoting *State v. Templin*, 805 P.2d 182, 186 (Utah 1990)).[6]

---

5. Defendant also argues that some expert testimony was improperly admitted, that the prosecutor engaged in misconduct during closing argument, and that there was cumulative error. Because we reverse and remand based on Defendant's ineffective-assistance claim, we do not reach these other issues.

6. In its order denying Defendant's motion for a new trial, the trial court determined that "Ineffective Assistance of Counsel claims are not properly raised at the trial court level, but should be raised on appeal." The Utah Rules of Criminal Procedure, however, provide that the trial court may grant a new trial "if there is *any* error or impropriety which had a substantial adverse effect upon the rights of a party." Utah R. Crim. P. 24(a) (emphasis added). This includes claims of ineffective assistance of counsel. *See, e.g., State v. Tiscareno*,

(continued...)

ANALYSIS

¶9     Defendant asserts that his trial counsel was ineffective for failing to request that the jury instructions include a definition of "indecent liberties."[7] To prevail on a claim of ineffective assistance of counsel, a defendant must show both that trial counsel's

---

(...continued)
2005 UT App 176U, para. 4 (per curiam) (affirming a trial court's grant of a new trial pursuant to rule 24 because the trial court concluded "that trial counsel performed ineffectively when counsel failed to object to certain jury instructions"). Despite the trial court's erroneous conclusion that Defendant could not raise his ineffective-assistance claim in the trial court, it nevertheless went on to reach the merits of Defendant's motion. We therefore review Defendant's claims in the context of an appeal from a denial of a motion for a new trial and not as an ineffective-assistance claim raised for the first time on appeal.

7. It is not clear why Defendant does not raise the more fundamental problem, namely, why the phrase was included at all. Just as the reference to "bodily pain" came out because there was no evidence pointing toward any intention to inflict such pain, "indecent liberties" could have come out altogether as well. All the evidence addressed a claimed touching of the vagina and breasts. The State introduced no evidence of contact, other than of the breasts and vagina dealt with expressly in the statute, that would qualify as an indecent liberty as that term is properly used.

Defendant also raises issues with the jury instructions regarding the words "intent," "intentionally," and "knowingly" and has submitted a motion to remand for findings necessary to the determination of an ineffective-assistance claim according to rule 23B of the Utah Rules of Appellate Procedure. Because we resolve this issue based on trial counsel's failure to object to the "indecent liberties" instruction and because the record before us is adequate to reach that issue, we do not address Defendant's other ineffective-assistance claims, and we deny the 23B motion.

"representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that the defendant was prejudiced thereby, *id*. at 687.

A.    Deficient Performance

¶10    We determine that trial counsel performed deficiently by failing to object to the flawed jury instructions. If there exists a "conceivable tactical basis" for trial counsel's action or inaction, then we will not consider trial counsel's performance to be constitutionally deficient. *See State v. Clark*, 2004 UT 25, ¶ 7, 89 P.3d 162 (internal quotation marks omitted). In this case, however, we cannot conceive of a tactical basis for failing to request either that the "indecent liberties" language be excised from the jury instructions or at least that the narrow legal definition of the term, as used in the applicable statute, be included in the jury instructions.

¶11    We agree with the trial court that the jury "should have been given a definitional instruction for indecent liberties." Indeed, we have long recognized that the term "indecent liberties," as used in the statute, is much narrower than what the plain meaning of the words in isolation might suggest to the average person.

> The phrase "otherwise takes indecent liberties" has not been defined by the Utah Legislature. Applying the doctrine of *ejusdem generis,* the Utah Supreme Court interpreted this phrase to mean activities of the "same magnitude of gravity as that specifically described in the statute."

*State v. Balfour*, 2008 UT App 410, ¶ 15, 198 P.3d 471 (quoting *In re J.L.S.*, 610 P.2d 1294, 1296 (Utah 1980)) (footnote omitted). Failure to define "indecent liberties" with the requisite specificity could render the statute unconstitutionally vague. *See In re J.L.S.*, 610 P.2d at 1296. Therefore, the jury should have been instructed that under these circumstances, the term "indecent liberties" means an action

that is of the "same magnitude of gravity" as touching the vagina, anus, buttocks, or breasts.[8] *See id*.

¶12   Because of these concerns, the Model Utah Jury Instructions include an appropriate legal definition of "indecent liberties":

> "Indecent liberties" is defined as conduct that is as serious as touching . . . the anus, buttocks, or genitals of a person or the breast of a female.
>
> In deciding whether conduct amounts to indecent liberties, use your judgment and common sense. You may consider factors such as: (1) the duration of the conduct, (2) the intrusiveness of the conduct against [victim's initials]'s person, (3) whether [victim's initials] requested that the conduct stop, (4) whether the conduct stopped upon request, (5) the relationship between [victim's initials] and the defendant, (6) [victim's initials]'s age, (7) whether [victim's initials] was forced or coerced to participate, and any other factors you consider relevant.

Model Utah Jury Instructions 2d CR1602 (Advisory Comm. on Criminal Jury Instructions 2014) (bracketed phrases in original), *available at* http://www.utcourts.gov/resources/muji/.[9]

---

8. As previously noted, because there was no evidence of any touching of the same magnitude, other than the claimed touching of the breasts and vagina dealt with specifically in the statute, it would have been best to simply leave the "indecent liberties" phrase out of the jury instructions.

9. We quote the model instruction here to demonstrate that an instruction on the definition of "indecent liberties" was readily available to trial counsel and because, in this case, the model instruction's definition accurately reflects current law. We note, however, that the model instructions, taken alone, are "merely

(continued...)

¶13    There was no conceivable tactical benefit to Defendant for trial counsel to allow a jury instruction that described the offense in a manner that is inconsistent with the narrow way in which Utah courts have interpreted the applicable statute. Trial counsel was astute enough to ask for the removal of other inapplicable language from the instructions but failed to recognize the far more problematic "indecent liberties" language. Trial counsel should have either asked for the language to be removed or requested that the jury also be instructed on the narrow legal definition of "indecent liberties." Because this error had no conceivable tactical basis, we conclude that Defendant's trial counsel was ineffective in this regard.

B.    Prejudice

¶14    In its brief, the State essentially concedes that Defendant's trial counsel performed deficiently but argues that the trial court correctly determined that there was no prejudice to Defendant. We disagree. "To demonstrate prejudice, a defendant must show that but for counsel's deficient performance there is a reasonable probability that the outcome of the trial would have been different." *State v. Charles*, 2011 UT App 291, ¶ 28, 263 P.3d 469 (citation and internal quotation marks omitted). Had trial counsel taken reasonable steps to correct the erroneous jury instruction, there is a reasonable probability that the jury would have acquitted Defendant on this count just as it acquitted Defendant on the count involving the eleven-year-old girl.

¶15    The legal definition requires that "indecent liberties" be at least as serious as the conduct specified in the statute, i.e., touching the anus, vagina, or buttocks of a child. Without this important narrowing of the term, a juror might reasonably assume that this

---

9. (...continued)
advisory and do not necessarily represent correct statements of Utah law." *Jones v. Cyprus Plateau Mining Corp.*, 944 P.2d 357, 359 (Utah 1997).

catch-all phrase covered actions that are less serious than the specifically prohibited conduct—including actions that are merely socially or morally reprehensible or that strike us, subjectively, as being indecent in the sense of being totally inappropriate.

¶16    Defendant admitted to telling the thirteen-year-old girl that she was pretty, asking her to show him her stomach, and then poking her stomach. These actions are not on par with touching the vagina or breasts—the conduct alleged by the State in this case—and thus do not qualify as "indecent liberties" under the statute. But they might well be viewed as constituting indecent liberties by jurors left to their own devices in construing the term.

¶17    In contrast to Defendant's account, the thirteen-year-old girl claimed that he touched her breast and vagina. If the jury believed the girl's account, it would have to convict Defendant. If the jury instead believed Defendant's story and applied the *correct* legal standard, it would have to acquit him. But the flawed jury instruction created a situation in which the jury was relieved of its duty to determine the credibility of the witnesses and then decide whether Defendant actually touched the girl's vagina.[10] Based on its own unguided sense of what liberties are indecent, the jury could have completely disregarded the thirteen-year-old girl's testimony as unreliable and still convicted Defendant on the basis of the touching to which he admitted. That is, the jury could have determined that Defendant told her she was pretty, asked her to raise her shirt, and then touched her bare stomach. And while a properly instructed jury could not have convicted Defendant on this basis because these actions are not of the same magnitude as the specific acts listed in the statute, the jury in this case could have concluded that Defendant's touching of the girl's stomach, in conjunction with his comments, was an indecent liberty. Accordingly, we determine that trial counsel's failure to object to the flawed jury instruction prejudiced Defendant.

---

10. The jury was not given the opportunity to consider if Defendant also touched the girl's breasts. *See supra* note 4.

CONCLUSION

¶18     Trial counsel performed deficiently by failing to object to the flawed jury instruction about "indecent liberties." Because of this failure, there is a reasonable probability that the jury determined that even if Defendant had not touched the thirteen-year-old girl's vagina, he had at least taken "indecent liberties" by touching her bare stomach, having asked her to raise her shirt after telling her she was pretty. And on this basis alone, the improperly instructed jury may well have convicted Defendant of sexual abuse of a child.

¶19     The trial court erred in denying Defendant's motion for a new trial on the basis of ineffective assistance of counsel. We reverse Defendant's conviction and remand for a new trial or such other proceedings as may now be appropriate.

———————