**2015 UT App 76**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
MARVA ROLENA GERBER,
Defendant and Appellant.

Memorandum Decision
No. 20130091-CA
Filed April 2, 2015

Fifth District Court, St. George Department
The Honorable G. Rand Beacham
No. 101500267

A. Jason Velez, Attorney for Appellant

Sean D. Reyes and Deborah L. Bulkeley, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGE JOHN A. PEARCE concurred. JUDGE J.
FREDERIC VOROS JR. concurred in part and concurred in the result
in part, with opinion.

CHRISTIANSEN, Judge:

¶1      Marva Rolena Gerber appeals her aggravated-arson
conviction following a jury trial. Gerber argues on appeal that her
trial counsel rendered constitutionally ineffective assistance, that
the trial court failed to properly instruct the jury on circumstantial
evidence, and that the trial court erred in denying her motion for
a new trial. We affirm.

¶2    Gerber was charged with aggravated arson after the vacant house she had contracted to buy was set on fire.[1] At trial, the State argued that Gerber was responsible for the arson but relied on circumstantial evidence to prove Gerber's guilt. As part of its case-in-chief, the State introduced evidence that on the day the house caught fire, Gerber told a detective that she had been at the house shortly before the time investigators believed the fire started. However, when police officers again interviewed Gerber approximately six weeks later, she denied ever having been at the house that morning. The State argued at trial that this inconsistency was critical circumstantial evidence of Gerber's guilt. Gerber claimed that her inconsistent statements were caused by a transient ischemic attack, or "mini stroke," that she allegedly suffered roughly one week before the fire. Gerber's trial counsel did not introduce an independent expert to testify about Gerber's mental condition after the alleged mini stroke, but did elicit testimony from Gerber's foster daughter that the alleged mini stroke caused Gerber to be "foggy-headed."

¶3    The trial court instructed the jury regarding the State's burden to prove the defendant guilty beyond a reasonable doubt using a standard instruction that did not mention circumstantial evidence (Jury Instruction 8). Jury Instruction 8 was not discussed by the court and counsel before its inclusion in the final instructions, and Gerber's trial counsel did not object to this instruction or any other proposed jury instruction. During closing arguments, Gerber's trial counsel described to the jury the reasonable-doubt standard contained in Jury Instruction 8 and argued that the State had failed to meet its burden. The jury found Gerber guilty of aggravated arson.

¶4    Before sentencing, Gerber retained new counsel and moved for a new trial based on the alleged deficient performance of her

---

1. "On appeal, we recite the facts from the record in the light most favorable to the jury's verdict." *State v. Lewis*, 2014 UT App 241, ¶ 2 n.1, 337 P.3d 1053 (citation and internal quotation marks omitted).

trial counsel. Gerber argued that trial counsel rendered ineffective assistance because he did not call a rebuttal witness to contradict the State's fire experts and did not call a medical expert to testify about Gerber's alleged mini stroke and how it may have contributed to her inconsistent statements. Gerber did not identify what witnesses her trial counsel should have called or what testimony those witnesses would have provided at trial. At the hearing on the motion for a new trial, Gerber's counsel highlighted the circumstantial nature of the case but did not argue that Jury Instruction 8 was incorrect.

¶5     At the end of the hearing, the trial court found that Gerber had made "no showing that any rebuttal expert even exists or evidence as to what he or she would be able to testify" and that there was no showing "that any medical expert would testify [about] an effect" from Gerber's medical history to explain her inconsistent statements. The trial court denied the motion for new trial, concluding that Gerber had not identified any failing of her trial counsel that would justify a new trial.[2]

¶6     Gerber raises two issues on appeal. First, she argues that the trial court failed to properly instruct the jury given the circumstantial nature of the State's case against her. Second, she argues that her trial counsel rendered constitutionally ineffective assistance and that the trial court erred in denying her request for a new trial on that basis.

¶7     First, we decline to reach Gerber's argument that the trial court failed to properly instruct the jury regarding circumstantial evidence, because Gerber failed to preserve this issue for appellate review. "As a general rule, claims not raised before the trial court may not be raised on appeal." *State v. Cruz*, 2005 UT 45, ¶ 33, 122 P.3d 543 (citation and internal quotation marks omitted). "Unless

---

2. The trial court also denied the motion for a new trial on other grounds not raised by Gerber in this appeal.

a party objects to an instruction or the failure to give an instruction, the instruction may not be assigned as error except to avoid a manifest injustice." Utah R. Crim. P. 19(e). Gerber did not object to Jury Instruction 8 during trial or at the post-trial hearing on her motion for a new trial, and Gerber has not argued any exception to the preservation rule. As a result, we decline to address this argument.[3]

¶8 Second, Gerber argues that her trial counsel was constitutionally ineffective and that the trial court erred in not granting her a new trial on that basis. The State correctly points out that Gerber failed to properly cite any record evidence supporting her arguments on appeal, as our rules of appellate procedure require. *See* Utah R. App. P. 24(a)(9). However, because we are able to evaluate the merits of Gerber's argument notwithstanding these deficiencies in her briefing, we exercise our discretion to address her argument that her trial counsel rendered ineffective assistance.

¶9 To establish constitutionally ineffective assistance of counsel, an appellant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient-performance element of the ineffective-assistance test, "a defendant must identify the acts or omissions which, under the circumstances, show that counsel's representation fell below an objective standard of reasonableness" and overcome the reviewing court's presumption that "the challenged action might be considered sound trial strategy." *State v. Templin*, 805 P.2d 182, 186 (Utah 1990) (citations and internal quotation marks omitted). If a defendant fails to meet either part of the ineffective-assistance test, the court may conclude its inquiry and deny relief. *Strickland*, 466 U.S. at 697.

---

3. We also reject Gerber's argument that the trial court should have granted her a new trial on the basis of the alleged error in instructing the jury. Gerber did not raise this issue in her motion for a new trial. Thus, the claim is unpreserved. *See supra* ¶ 7.

¶10    Here, Gerber argues that her trial counsel performed deficiently by failing to sufficiently investigate the underlying facts in the case, because he (1) did not present any expert witness to explain the medical issues that Gerber claims caused her inconsistent statements to law enforcement and (2) failed to produce an independent fire expert to contradict the State's experts regarding the cause of the fire.[4] Gerber compares her case to *State v. Hales*, in which the Utah Supreme Court reversed a murder conviction because defense counsel failed to adequately investigate the key evidence in the case—CT scans of the victim's brain injuries. 2007 UT 14, ¶ 3, 152 P.3d 321. Gerber claims that in *Hales*, "the defendant was convicted based on his trial [attorneys'] failure to obtain expert testimony" to counter the prosecution's interpretation of the CT scans.

¶11    We disagree with Gerber's interpretation of *Hales* and her characterization of her trial counsel's actions in this case. In *Hales*, the defendant was charged with murder based on allegations that he violently shook a child who later died from severe brain injuries. *Id.* ¶ 1. The prosecution presented CT scans of the child's brain

---

4. In her reply brief, Gerber argues that her trial counsel was ineffective for failing to object to Jury Instruction 8. Generally, arguments "raised for the first time in the reply brief" will not be considered. *See Schefski ex rel. Coleman v. Stevens*, 2000 UT 98, ¶ 9, 17 P.3d 1122. Gerber did not properly raise this argument in her opening brief. In arguing that the *trial court* erred in providing Jury Instruction 8, Gerber stated only that "trial counsel should have, at the very least, made a motion to include the heightened care standard in the jury instructions, which, once again reflects poorly on his effectiveness in terms of his representation of [Gerber] at trial." But Gerber did not analyze her counsel's failure to object under *Strickland v. Washington*, and did not demonstrate that this failure to object constituted objectively deficient performance that prejudiced her defense. 466 U.S. 668, 687 (1984). Because Gerber failed to properly raise this issue in her opening brief, we decline to address it.

injuries and produced an expert who opined that the child suffered from shaken baby syndrome. *Id.* ¶ 28. Other evidence in the case indicated that the injuries occurred during the time when the defendant was the child's sole caretaker. *Id.* ¶¶ 6–10. The defendant moved for a new trial, claiming that "his trial attorneys rendered ineffective assistance because they failed to investigate the CT scans." *Id.* ¶ 30. The defendant identified record evidence showing that his trial attorneys did not acquire the CT scans depicting the victim's brain injuries until the morning of trial and that they never obtained a qualified expert to review the scans.[5] *Id.* ¶ 71. In support of his motion, the defendant provided an affidavit from a medical expert whose opinion directly contradicted the prosecution's expert's interpretation of the scans. *Id.* ¶ 31. The trial court denied the motion, and the defendant appealed. *Id.* ¶ 33.

¶12    On appeal, the Utah Supreme Court held that it was the lack of *investigation* that rendered the defendant's trial attorneys' assistance ineffective, not the ultimate strategic decision to not provide expert testimony. *Id.* ¶ 83. The court stated that although the trial attorneys' strategic decisions at trial might have been reasonable once a full investigation had been conducted, the attorneys "'were not in a position to make a reasonable strategic choice' . . . 'because the investigation supporting their choice was unreasonable.'" *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 536 (2003)).

¶13    "While the failure to investigate a possible avenue of defense may constitute ineffective assistance, the failure to actually employ such a defense . . . for strategic reasons . . . does not." *State v. Heimuli*, 2012 UT App 69, ¶ 6 n.2, 274 P.3d 1005. Here, Gerber has

---

5. In *Hales*, the defendant's trial attorneys relied on the theory that a near-miss car accident caused the child's injuries. *State v. Hales*, 2007 UT 14, ¶ 29, 152 P.3d 321. The attorneys offered an expert opinion to support this theory, but it was sharply rebutted by the prosecution's expert, who had thoroughly reviewed the CT scans. *Id.* ¶¶ 28–29.

not shown that her trial counsel failed to adequately investigate any avenue of defense. Gerber claims that her trial counsel inadequately investigated the case because he did not present a rebuttal expert or a medical expert to explain Gerber's inconsistent statements to law enforcement authorities. But she fails to explain how the decision not to call such witnesses at trial demonstrates that trial counsel failed to perform a reasonable investigation before making that decision.

¶14    Further, Gerber's complaints that her trial counsel failed to present experts are based entirely on speculation. "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (alteration in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). A defendant "cannot meet [her] burden by merely pointing out what counsel did not do; [she] must bring forth the evidence that would have been available in the absence of counsel's deficient performance." *State v. Lee*, 2014 UT App 4, ¶ 12, 318 P.3d 1164. Gerber faults her trial counsel for failing to present a medical expert to provide a medical explanation for Gerber's inconsistent statements. But Gerber has not identified any medical expert who would have testified on her behalf at trial or set forth that expert's expected testimony in the record.[6] Gerber's assertion that trial counsel performed deficiently by failing to produce such an expert therefore remains "entirely speculative." *See State v. Parker*, 2013 UT App 21, ¶ 6, 295 P.3d 712 (concluding that the defendant's ineffective assistance of counsel claims were "entirely speculative" because the record included no potential defense expert testimony and the defendant had failed to request a remand to make a record of any such testimony).

---

6. Gerber did not move this court to remand this case to supplement the record pursuant to rule 23B. *See* Utah R. App. P. 23B(a).

¶15    Gerber's claim that her trial counsel failed to adequately investigate the underlying facts of the case because he did not produce an independent fire expert to contradict the testimony of the State's fire experts, is also based on speculation. Without identifying a specific expert who would have testified in her defense and setting forth in the record that expert's expected testimony, Gerber's claims that her trial counsel performed deficiently by failing to introduce hypothetical experts cannot succeed because her proof remains "speculative" rather than "a demonstrable reality." *See State v. Munguia,* 2011 UT 5, ¶ 30, 253 P.3d 1082 (citation and internal quotation marks omitted). Gerber's conclusory allegations do not persuade us that absent the alleged errors, the verdict in her case would have been different.

¶16    Last, Gerber argues that her trial counsel was constitutionally ineffective for failing to present a reasonable hypothesis of innocence to rebut the State's theory of the case. Gerber grounds this argument in our supreme court's observation that "[w]here the only evidence presented against the defendant is circumstantial, the evidence supporting a conviction must preclude every reasonable hypothesis of innocence." *State v. Hill*, 727 P.2d 221, 222 (Utah 1986) (plurality opinion). According to Gerber, because the State's case was based entirely on circumstantial evidence, her trial counsel had a "duty" to present a reasonable hypothesis of innocence. However, Gerber fails to cite any legal authority that imposes this "duty" on defense counsel. Rather than being a duty upon defense counsel, the reasonable hypothesis of innocence is merely one way "of expressing th[e] necessary burden of proof" and our caselaw does not even require the jury be instructed on this concept in every circumstantial evidence case. *State v. Eagle*, 611 P.2d 1211, 1213 (Utah 1980); *see, e.g., State v. Hansen*, 710 P.2d 182, 183 (Utah 1985) (reiterating that a defendant is not entitled to an instruction on a reasonable hypothesis of innocence "where the jury is instructed that the State must prove a defendant's guilt beyond a reasonable doubt"); *see also Holland v. United States*, 348 U.S. 121, 139–40 (1954) (explaining that "where the jury is properly instructed on the standards for reasonable

doubt," an instruction on a reasonable hypothesis of innocence is "confusing and incorrect"). "The prosecution's burden of proof in any criminal case, whether the evidence be direct or circumstantial, . . . is that of beyond a reasonable doubt." *State v. Burton*, 642 P.2d 716, 719 (Utah 1982) (citation and internal quotation marks omitted). Thus, as long as jury instructions clearly inform a jury of the proof-beyond-a-reasonable-doubt standard, no instruction on "reasonable hypothesis of innocence" need be presented, *see id.*, and nothing in our caselaw imposes on defense counsel a duty to pursue a defense based on this concept. Accordingly, we conclude that Gerber has failed to demonstrate that her trial counsel performed deficiently in any respect.

¶17   We conclude that Gerber was not deprived of the constitutionally effective assistance of counsel. Gerber has also failed to preserve her claim that the jury was incorrectly instructed. We therefore affirm the trial court's denial of Gerber's motion for a new trial.

———————

VOROS, Judge (concurring in part and concurring in the result in part):

¶18   I concur in the majority except for paragraphs 8 through 15. I see no need to distinguish *State v. Hales*, 2007 UT 14, 152 P.3d 321, where Gerber's opening brief offers virtually no record support for her ineffective assistance of counsel claim. As the State rightly notes, Gerber's inadequate investigation claim rests on one broad citation to the entire record on appeal along with just three specific citations to the record—one to the prosecutor's opening statement, one to a minute entry for review hearing, and one to a minute entry on motion for new trial. With such sparse references to the record, none of which even relate to counsel's pre-trial investigations, Gerber's claim cannot overcome the "strong presumption" that trial counsel made reasonable investigations or reasonably determined that further investigations were unnecessary. *Strickland v. Washington*, 466 U.S. 668, 689, 691 (1984).

¶19     An inadequately briefed claim is by definition insufficient to discharge an appellant's burden to demonstrate trial court error." *Simmons Media Group, LLC v. Waykar, LLC*, 2014 UT App 145, ¶ 37, 335 P.3d 885 (citation omitted). To be adequately briefed, an argument must contain citations to the "parts of the record relied on." Utah R. App. P. 24(a)(9). Because Gerber's inadequate investigation claim contains no relevant citations to the parts of the record relied on, it is inadequately briefed and consequently insufficient to discharge her burden on appeal.

¶20     I would therefore reject Gerber's claim on this basis and otherwise join the majority in affirming Gerber's convictions.

———————