2018 UT App 70

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
MARK JOHN LANTZ,
Appellant.

Opinion
No. 20160468-CA
Filed April 19, 2018

Fifth District Court, Cedar City Department
The Honorable Keith C. Barnes
No. 131500333

Dale W. Sessions, Attorney for Appellant

Sean D. Reyes and Thomas B. Brunker, Attorneys
for Appellee

JUDGE RYAN M. HARRIS authored this Opinion, in which JUDGES
GREGORY K. ORME and MICHELE M. CHRISTIANSEN concurred.

HARRIS, Judge:

¶1     Mark John Lantz (Defendant) was the owner of, and passenger in, a vehicle that was pulled over by a law enforcement officer (Officer) in a routine traffic stop. Officer found marijuana, methamphetamine, and drug paraphernalia in the vehicle. Before trial, Defendant's counsel moved to suppress this evidence, then withdrew the motion to suppress. Defendant appeals, arguing that his counsel was constitutionally ineffective by not pressing the motion to suppress. We disagree, and therefore affirm.

¶2     On June 21, 2013, while patrolling Interstate 15, Officer noticed a vehicle with a malfunctioning rear turn signal and an apparently malfunctioning front right wheel. According to

Officer, the vehicle was "bouncing all over the road" and "looked extremely unsafe." Officer pulled over the vehicle, which was occupied by a driver (Driver) and Defendant, who was sitting in the front passenger seat. After approaching the vehicle, Officer began speaking with both Driver and Defendant, and they informed Officer that Defendant was the registered owner of the vehicle, and that neither one of them had a valid driver's license. During the conversation, Officer smelled the odor of burnt marijuana emanating from the vehicle. Based on that, Officer asked Driver to step out of the car, at which point Driver admitted that both Driver and Defendant had smoked marijuana very recently at a truck stop about 20 miles away.

¶3     At some point, Defendant also got out of the car, and Officer asked Defendant a series of questions. Because no witness—either at trial or at the pretrial evidentiary hearing in connection with the motion to suppress—was ever asked about *Miranda*[1] warnings, there is no indication in the record, one way or the other, whether Officer gave Defendant *Miranda* warnings prior to asking questions. Among other things, Officer asked Defendant if he had any illegal drugs in the car, and Defendant refused to answer. Officer then asked Defendant if the drugs were "on him or in the car" and, according to Officer, this time Defendant responded by stating that "[t]hey're in the car." At this point, Officer detained Defendant and searched the vehicle. Officer found approximately $2,000 in cash on Defendant's

---

1. *Miranda v. Arizona*, 384 U.S. 436 (1966); *see also State v. Macdonald*, 2017 UT App 124, ¶ 20, 402 P.3d 91 (explaining that the Fifth Amendment of the United States Constitution provides a right against self-incrimination and that "[w]e protect this right by excluding from a defendant's criminal trial any incriminating statement that the defendant made to police officers while under custodial interrogation if the officers did not give a *Miranda* warning" (citation and internal quotation marks omitted)).

person, and found marijuana, methamphetamine, and drug paraphernalia in the car. According to Officer, after being asked about some of the paraphernalia, Defendant admitted it was his. Officer arrested both Defendant and Driver. After taking Defendant to jail, Officer explained to Defendant that Officer was seizing the money that had been found on Defendant because Officer believed the money was associated with drugs. Officer testified that Defendant replied by saying "Yes," and Officer believed that statement to be an affirmation that the money was associated with drugs.

¶4    Lantz's version of events differed from Officer's. Lantz testified at trial that he had no idea that there was methamphetamine in the vehicle, and denied that he ever told Officer that there was. Indeed, Lantz testified that he refused to answer any of Officer's questions, and that he never replied by saying "Yes" to Officer's remark that the money was being seized.

¶5    Prior to trial, Defendant's counsel filed a motion to suppress any and all evidence resulting from the traffic stop. Defendant's counsel predicated this motion on the argument that Officer had "illegally detained, searched, and arrested" Defendant in violation of the Fourth Amendment to the United States Constitution. Defendant made no argument based on the Fifth Amendment, and specifically no argument that his incriminating statements should be suppressed due to the absence of *Miranda* warnings. After an evidentiary hearing, Defendant's counsel asked for leave to file a memorandum supporting the motion, which the court granted. However, Defendant's counsel did not ever file any such memorandum, and later opted to voluntarily withdraw the motion to suppress.

¶6    After trial, a jury convicted Defendant of two counts of possession of a controlled substance and one count of possession of drug paraphernalia. Defendant appeals, and asks us to review

one issue: whether his trial counsel rendered ineffective assistance by failing to press a motion to suppress.[2] When a defendant asserts, for the first time on appeal, that his trial counsel was ineffective, "there is no lower court ruling to review and we must determine whether the defendant was deprived of the effective assistance of counsel as a matter of law." *State v. Tirado*, 2017 UT App 31, ¶ 10, 392 P.3d 926.

¶7    To succeed on a claim that counsel was constitutionally ineffective, Defendant "must show: (1) that counsel's performance was objectively deficient, and (2) a reasonable probability exists that but for the deficient conduct defendant would have obtained a more favorable outcome at trial." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162. To satisfy the first element, Defendant "must overcome the strong presumption that [his] trial counsel rendered adequate assistance by persuading the court that there was *no conceivable tactical basis* for counsel's actions." *Id.* (alteration in original) (citations and internal quotation marks omitted). Trial counsel is given "wide latitude in making tactical decisions," and courts "will not question such decisions unless there is no reasonable basis supporting them." *Id.* (citation and internal quotation marks omitted). To satisfy the second element, Defendant must demonstrate that "'any deficiencies in counsel's performance [were] prejudicial to the defense.'" *State v. Mohamud*, 2017 UT 23, ¶ 14, 395 P.3d 133 (alteration in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 692 (1984)).

---

2. While Defendant purports to also raise the issue of whether the jury properly convicted him, all of Defendant's arguments on that issue appear to relate to whether Defendant was prejudiced by his trial counsel's alleged ineffective assistance. We therefore construe his "second issue" to actually be an argument concerning the prejudice element of the ineffective assistance analysis.

¶8     As to the first element, Defendant contends that his trial counsel's performance was deficient because his trial counsel did not submit a memorandum in support of the motion to suppress. Defendant maintains that this action constituted "neglect" rather than "a strategic decision" because "there was no action of any kind taken to further or withdraw the [m]otion." Defendant also appears to argue that his trial counsel's performance was deficient because his trial counsel moved only to suppress all evidence resulting from the traffic stop, instead of specifically moving to suppress Defendant's "confession." While it is not entirely clear which of his statements Defendant considers to have been his "confession," Defendant seeks to bolster the assertion that his trial counsel should have moved to suppress it by alleging for the first time on appeal that Defendant was not Mirandized prior to the "confession." We are unpersuaded.

¶9     First, we note that Defendant is mistaken as to the actions taken by his trial counsel. In fact, Defendant's trial counsel affirmatively withdrew the motion to suppress. Further, to the extent Defendant's arguments can be read as asserting that his trial counsel should not have withdrawn the motion, Defendant does not argue that the motion to suppress would have been granted had it not been withdrawn. The motion to suppress that counsel filed (and later withdrew) rested on the assertion that Officer had violated Defendant's rights guaranteed by the Fourth Amendment, but Defendant makes no argument concerning the Fourth Amendment on appeal. Because Defendant does not set forth any facts or law on appeal supporting the proposition that his Fourth Amendment motion to suppress would have been successful, a thorough review of that proposition would require this court to conduct extensive independent research. Accordingly, the issue is inadequately briefed. *See State v. Turner*, 2012 UT App 189, ¶ 29, 283 P.3d 527 (stating that "[a]n issue is inadequately briefed when the overall analysis is so lacking as to shift the burden of research and argument to the reviewing court" (citation and internal

quotation marks omitted)). Thus, Defendant has not shown that his trial counsel's decision to withdraw the motion to suppress was objectively deficient.

¶10 Instead of advancing the argument that his Fourth Amendment motion would have succeeded, Defendant appears to argue instead that his trial counsel should have filed a separate motion to suppress. This separate motion, as Defendant envisions it, would have prevented his "confession" from being introduced as evidence, because Defendant offered it "without [receiving] the *Miranda* warning." However, Defendant still has not demonstrated that his trial counsel's performance was objectively deficient, because the factual premise underlying any *Miranda* motion is that a defendant was never given *Miranda* warnings, and that factual premise is unsupported in the record.

¶11 Indeed, there is no evidence indicating that Defendant did not receive *Miranda* warnings prior to his "confession." No witness was asked about the presence or absence of *Miranda* warnings during either of the two evidentiary proceedings that took place before the trial court. Thus, the record is simply devoid of any evidence that *Miranda* warnings were not given.

¶12 In such circumstance, we might expect an appellant to obtain an affidavit from a witness—say, Defendant—averring that no *Miranda* warnings were given, and asking us to remand the case to the trial court to enter findings of fact "necessary for the appellate court's determination of a claim of ineffective assistance of counsel." Utah R. App. P. 23B. However, Defendant has not filed a rule 23B motion, much less submitted one supported by an affidavit from any witness averring that *Miranda* warnings were not given. Under these circumstances, "[i]t should go without saying that the absence of evidence cannot overcome the strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *State v. Gerber*, 2015 UT App 76, ¶ 14, 347 P.3d 852

(second alteration in original) (citations and internal quotation marks omitted). Indeed, a defendant "cannot meet his burden by merely pointing out what counsel did not do; he must bring forth the evidence that would have been available in the absence of counsel's deficient performance." *State v. Lee*, 2014 UT App 4, ¶ 12, 318 P.3d 1164. Defendant has not done so here. Accordingly, Defendant has not established that his trial counsel's performance was objectively deficient.

¶13 Moreover, we note that Defendant also has not demonstrated that the alleged deficiencies in his trial counsel's performance were prejudicial to his defense. Defendant alleges only that "had the jury not had [Defendant's] confession before it, there is a reasonable belief that the jury could have reached reasonable doubt as to [Defendant's] guilt." However, even if we assume that all of Defendant's statements to Officer were suppressed, the evidence would still have clearly shown that Defendant was apprehended, with a large amount of cash, in a vehicle he owned and in which officers located methamphetamine and marijuana, with a Driver who testified that Defendant and Driver had recently been using marijuana. We do not see in this context how the omission of Defendant's statements to Officer would have altered the outcome at trial. *See Clark*, 2004 UT 25, ¶¶ 5, 9 (holding that a defendant did not receive ineffective assistance of counsel when trial counsel failed to challenge certain trial testimony because "the State presented overwhelming evidence of [the] defendant's guilt"). Accordingly, Defendant also has not met his burden to demonstrate that any allegedly deficient performance rendered by his trial counsel prejudiced his defense.

¶14 Affirmed.

_____