2004 UT 25

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ronald K. CLARK, Defendant and Appellant.**

No. 20020215.

Supreme Court of Utah.

March 26, 2004.

Mark L. Shurtleff, Att'y Gen., David E. Yocom, Brett J. Delporto, Karen A. Klucznik, Colleen K. Coebergh, Asst. Attys Gen., for plaintiff.

Catherine E. Lilly, Salt Lake City, for defendant.

DURHAM, Chief Justice:

## BACKGROUND

¶1 Defendant Ronald Clark appeals from his jury convictions of one count each of operating a clandestine laboratory, possession with intent to distribute a controlled substance, and use or possession of drug paraphernalia. He claims that he is entitled to a new trial because his trial counsel violated his Sixth Amendment right to effective assistance of counsel by failing to challenge inappropriate opinion testimony under Utah Rules of Evidence 701, 702 and 704.

¶2 In July 1999, Marilyn Milburn, a caseworker from the Division of Child and Family Services, visited defendant's home to investigate allegations that he was using methamphetamine (meth) and providing an unsafe environment for his two-year-old son. While visiting defendant's home, Milburn noticed sores on defendant's arm, a smell that she "associated with meth," a corked beer bottle with a hose attached to a plastic container, and a surveillance system used to monitor the home's front entrance. Milburn reported her findings to the police.

¶3 The police obtained a no-knock search warrant and commenced an investigation. They found many items needed to create meth in defendant's home, truck, and shed, including a butane torch, a scale, a homemade vent tube, an ice chest, acetone, paint thinner, iodine, hydrochloric and muriatic acid, filters, a trash bag with tubing attached, and a military-type respirator.

¶4 Subsequently, the State brought criminal charges against defendant. Six witnesses, including Milburn, testified that sixty-nine items the police found on defendant's property were consistent with the operation of a meth lab. The State also presented lab results establishing the presence of meth and meth precursors on defendant's property. In addition, defendant's friend testified to purchasing meth from defendant and witnessing him making meth. This friend also testified that she had, at defendant's request, hidden a box containing his meth lab in her basement.

¶5 Defendant claims ineffective assistance of counsel because his trial counsel failed to object to Milburn's testimony pursuant to Rules 701 and 702, and to the testimony of another officer (Officer Davis), pursuant to Rule 704 of the Utah Rules of Evidence. He argues that his counsel should have objected to Milburn's testimony regarding a meth smell because, at the time Milburn visited defendant's home, she had only undergone four hours of meth detection training and she had never personally smelled meth. He further asserts that his counsel should have objected to Davis's testimony pursuant to Rule 704. Davis's testimony was that he did not know "of any use for the vent tube other than meth manufacturing" and that he had never seen the butane torch used for anything other than to "heat up drugs." Defendant argues these statements constituted opinions as to an ultimate issue of fact.

## ANALYSIS

¶6 An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law. *State v. Bryant*, 965 P.2d 539, 542 (Utah Ct.App. 1998). To prove ineffective assistance of counsel, defendant must show: (1) that counsel's performance was objectively deficient, and (2) a reasonable probability exists that but for the deficient conduct defendant would have obtained a more favorable outcome at trial. *State v. Crosby*, 927 P.2d 638, 644 (Utah 1996); *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring that defendant show counsel's performance was deficient and that the deficient performance prejudiced the case). To satisfy the first part of the test, defendant must overcome the "strong presumption that [his] trial counsel rendered adequate assistance," *Crosby*, 927 P.2d at 644, by persuading the court that there was *no "conceivable tactical basis* for counsel's actions," *Bryant*, 965 P.2d at 542 (emphasis added); *see also Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 (indicating that counsel should be given wide latitude in making tactical decisions). The court "give[s] trial counsel wide latitude in making tactical decisions and will not question such decisions unless there is no reasonable basis support-

ing them." *Crosby,* 927 P.2d at 644. Defendant fails to meet either prong of the test.

¶ 7 First, we are not persuaded that defense counsel's performance was objectively deficient. While there may have been grounds to object to Milburn's and Davis's testimony under Rules 701, 702, or 704 of the Utah Rules of Evidence,[1] defense counsel may well have made a reasonable tactical choice when he did not object. Given the great volume of evidence introduced to the court, including the presence of sixty-nine materials consistent with meth production at defendant's home, defense counsel could reasonably have seen little value in objecting to testimony addressing only a small portion of the evidence. Also, it is clear from the record that defense counsel primarily drew upon Milburn and Davis's testimony in formulating its strategic defense—an attempt to create reasonable doubt by pointing out all of the legal uses for the substances identified. Finally, when defense counsel permitted Davis's assertions regarding the homemade vent tube and the butane torch, it gave him considerable leverage in discrediting that testimony during cross-examination. This court will not question defense counsel's actions because defendant has failed to prove that his counsel had no "conceivable tactical basis" for his actions.

¶ 8 Second, defendant failed to establish a reasonable probability of a different outcome had his trial counsel objected to Milburn's and Davis's testimony. It is highly unlikely that the verdict would have been different had the trial court modified or withheld Milburn's and Davis's testimony. Through other witnesses, the State presented testimony establishing that defendant had sold meth and stashed his portable meth lab at a friend's house. It also submitted evidence that sixty-nine materials consistent with meth production were found on defendant's premises. Finally, the State showed that meth, in both powder and liquid form, and meth precursors, were found on the premises.

¶ 9 Thus, even absent Milburn's and Davis's testimony, the State presented overwhelming evidence of defendant's guilt. It is highly unlikely that defendant's trial counsel's failure to object to Milburn's and Davis's testimony affected the jury verdict.

## CONCLUSION

¶ 10 Defendant has failed to persuade the court that his counsel's performance was ineffective. Affirmed.

¶ 11 Associate Chief Justice DURRANT, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.

---

1. In pertinent part, Rules 701, 702, and 704 of the Utah Rules of Evidence read as follows:

Non-expert witness testimony is "limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Utah R. Evid. 701.

If "specialized knowledge will assist the trier of fact" in understanding evidence or determining a fact in issue, a "witness qualified as an expert ... may testify thereto." *Id.* 702.

Expert witnesses may not state opinions or inferences as to ultimate issues; they are "matters for the trier of fact alone." *Id.* 704.