IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100283-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (February 24, 2012) |
| Eddie G. Kucharski, | ) | |
| | ) | 2012 UT App 50 |
| Defendant and Appellant. | ) | |

-----

Second District, Farmington Department, 041701630
The Honorable Thomas L. Kay

Attorneys:     Scott L. Wiggins, Salt Lake City, for Appellant
               Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee

-----

Before Judges McHugh, Davis, and Thorne.

DAVIS, Judge:

¶1     Eddie G. Kucharski appeals his sentence of zero to five years in prison for communications fraud, arguing that his counsel rendered ineffective assistance by failing to move for disqualification of the sentencing judge. We affirm.

¶2     In *State v. Kucharski*, 2009 UT App 295U (mem.) (per curiam), we remanded this case to give the trial court an opportunity to make findings regarding alleged inaccuracies in the pre-sentence investigation report (PSI) and to "revise the sentence as [the trial court] deems appropriate." *See id.* para. 5. On remand, the trial court made

several corrections to the PSI and rejected several other proposed corrections.[1] However, the trial court clarified that the "critical" issue that impacted the previous sentence was Kucharski's "established instances of repetitive criminal conduct and continued criminal behavior." The trial court explained that inaccuracies in the PSI "would [therefore] not . . . change the sentence that [the trial court] gave him to go to zero to five years in prison." Because the trial judge expressed reliance on his "history" with Kucharski in reaching the sentencing decision, Kucharski alleges that the trial judge was biased and prejudiced against him and that his counsel should have moved to have the trial judge disqualified.

¶3    "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162. In order to establish ineffective assistance of counsel, Kucharski must demonstrate (1) that his counsel performed deficiently, i.e., that counsel's performance "fell below an objective standard of reasonableness," and (2) that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984).

¶4    Rule 2.11 of the Utah Code of Judicial Conduct lists a number of circumstances under which a judge is expected to disqualify himself or herself. *See* Utah Code Jud. Conduct 2.11(A). The fact that a judge has formed an opinion regarding a particular defendant based on proceedings occurring in front of the judge is not a ground for disqualification listed in that Code. In fact, our supreme court has explained that "the bias or prejudice [requiring disqualification] must usually stem from an extrajudicial source, not from occurrences in the proceedings before the judge." *State v. Munguia*, 2011 UT 5, ¶ 17, 253 P.3d 1082 (emphasis and internal quotation marks omitted). *But see Liteky v. United States*, 510 U.S. 540, 554-55 (1994) (explaining that the extrajudicial source doctrine is more of an "'extrajudicial source' factor," as it is neither a necessary nor sufficient condition for disqualification of a judge based on bias or prejudice (emphasis omitted)).

¶5    "Not *all* unfavorable disposition towards an individual (or his case) is properly described by [the] terms ['bias' and 'prejudice']" because, as used in the context of judicial disqualification, those terms "connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or

---

[1]Kucharski does not challenge the trial court's rejection of any of his proposed corrections on appeal.

because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree." *Liteky*, 510 U.S. at 550.

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or [on the basis] of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

¶6    The statements that Kucharski alleges indicate bias refer to the trial judge's previous experiences with Kucharski in court. The trial court explained that its previous ruling had not relied on any of the errors in the PSI but was based on Kucharski's "history" with the trial court, which indicated that he had committed similar crimes on multiple occasions. The trial court explained, "[Kucharski] deserved to go to prison because of the continued behavior. Probation hadn't changed him in the past under supervised probation, and he continued to commit crimes." It was not inappropriate for the trial judge to rely on what he had learned about Kucharski by dealing with him in the current and prior proceedings, or to make a judgment based on those dealings about Kucharski's ability to receive correction through probation. Indeed, such judgment may be "necessary to completion of the judge's task." *See id.* at 551 ("'If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.'" (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943))).

¶7    Furthermore, contrary to Kucharski's suggestion, the trial court's statement that the sentence would be the same regardless of inaccuracies in the PSI does not suggest that the trial court was biased or prejudiced against Kucharski. This statement merely indicates that the trial court's sentence was based primarily on other factors, namely Kucharski's history of recidivism, rather than the portions of the PSI challenged by Kucharski. Such an exercise of the trial court's discretion is not indicative of bias or prejudice. *See generally State v. Carson*, 597 P.2d 862, 864-65 (Utah 1979) (explaining that "the [sentencing] judge may determine the extent to which conclusions in the [PSI] should be accorded weight in the pronouncement of the sentence," that "the sentencing

judge's discretion in sentencing may be based on several sources of information," and that the defendant's background is significant in determining the appropriate sentence).

¶8     Because the trial judge's statements do not indicate bias or prejudice, any motion to disqualify would have been futile, *see generally State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546 ("Failure to raise futile objections does not constitute ineffective assistance of counsel."), and perhaps even in bad faith, *see generally* Utah R. Crim. P. 29(c)(1)(A) (providing that a party who files a motion to disqualify a judge must include with the motion "a certificate that the motion is filed in good faith" and "an affidavit stating facts sufficient to show bias or prejudice, or conflict of interest"). Accordingly, Kucharski's counsel did not perform deficiently by failing to file a motion to disqualify.

¶9     We conclude that Kucharski has failed to establish the deficient performance prong of the ineffective assistance analysis.[2] We therefore affirm Kucharski's sentence.

_____
James Z. Davis, Judge

-----

¶10     WE CONCUR:

_____
Carolyn B. McHugh,
Presiding Judge

_____
William A. Thorne Jr., Judge

---

[2]Because Kucharski has failed to demonstrate that his counsel performed deficiently, we need not consider the prejudice prong of the ineffective assistance analysis. *See generally State v. Diaz*, 2002 UT App 288, ¶ 38, 55 P.3d 1131 ("Failure to satisfy either prong [of the ineffective assistance of counsel test] will result in our concluding that counsel's behavior was not ineffective.").