IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110879-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 19, 2012) |
| Echo Marne Kurr, | ) | |
| | ) | 2012 UT App 194 |
| Defendant and Appellant. | ) | |

-----

Second District, Ogden Department, 101902904
The Honorable Noel S. Hyde

Attorneys:     Samuel P. Newton, Kalispell, Montana, for Appellant
               Mark L. Shurtleff and John J. Nielsen, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Roth.

¶1     Echo Marne Kurr appeals her conviction of one count of retail theft in violation of Utah Code section 76-6-602. We affirm.[1]

¶2     Kurr asserts that she received ineffective assistance of counsel because her trial counsel failed to request a *Long* instruction or provide an eyewitness identification

---

[1]We determine that the decisional process would not be significantly aided by oral argument. *See* Utah R. App. P. 29(a)(3).

expert.[2]  "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law."  *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.  To establish ineffective assistance of counsel, a defendant must demonstrate:  (1) that counsel's performance was objectively deficient; and (2) a reasonable probability exists that but for the deficient performance, the defendant would have obtained a more favorable outcome at trial.  *See State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

¶3     To demonstrate that Kurr's trial counsel's performance was objectively deficient, she must overcome "the strong presumption that [her] trial counsel rendered adequate assistance."  *State v. Crosby*, 927 P.2d 638, 644 (Utah 1996).  To do so, Kurr must demonstrate that there was no "conceivable tactical basis for trial counsel's actions."  *State v. Bryant*, 965 P.2d 539, 542 (Utah Ct. App. 1998).  The law grants trial counsel a wide latitude of discretion in making tactical decisions, and we will not question such decisions if there was a reasonable basis supporting them.  *See Clark*, 2004 UT 25, ¶ 6.  Given the video surveillance clips, stills, and additional evidence that the getaway car was registered to Kurr, defense counsel could reasonably have seen little value in challenging the evidence identifying Kurr as the defendant.  Instead, it was within trial counsel's wide latitude of discretion to challenge whether the State had proved guilt beyond a reasonable doubt on other factors.  For example, trial counsel argued that there were gaps in the video surveillance clips where Kurr may have paid for the item, and trial counsel also challenged the credibility of the State's witnesses.  Kurr fails to demonstrate that there was no conceivable tactical basis for her trial counsel's trial strategy.

¶4     In any event, Kurr fails to establish that she was prejudiced by her trial counsel's actions.  Establishing prejudice requires that a defendant show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *See State v. Maestas*, 2012 UT App 53, ¶ 57, 272 P.3d 769.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.  *See State v. Kozlov*, 2012 UT App 114, ¶ 52, 276 P.3d 1207.  Given the video surveillance clips, stills, and the additional evidence that the getaway vehicle

---

[2]A *Long* instruction refers to a jury instruction informing jurors of the weaknesses inherent in eyewitness identification.  *See State v. Clopten*, 2009 UT 84, ¶ 8, 223 P.3d 1103; *see also State v. Long*, 721 P.2d 483, 487 (Utah 1986)

was registered to Kurr, she fails to demonstrate a reasonable probability that she would have obtained a different outcome at trial had her trial counsel requested a *Long* instruction or called an eyewitnesses identification expert.

¶5     Accordingly, Kurr's conviction is affirmed.

_____
Carolyn B. McHugh,
Presiding Judge

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
Stephen L. Roth, Judge