2013 UT App 294

**STATE of Utah, In the Interest of J.S., a person under eighteen years of age.**

**L.M., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20130811–CA.**

Court of Appeals of Utah.

Dec. 12, 2013.

Colleen K. Coebergh, Attorney for Appellant.

Brian L. Tarbet and John M. Peterson, Salt Lake City, Attorneys for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before Judges GREGORY K. ORME, CAROLYN B. McHUGH, and STEPHEN L. ROTH.

Decision

PER CURIAM:

¶ 1 L.M. (Mother) appeals the August 23, 2013 adjudication order. We affirm.

¶ 2 Mother asserts that she received ineffective assistance of counsel after her trial counsel declined to subpoena Mother's proposed witnesses. Parents in a child welfare proceeding have a statutory right to the effective assistance of counsel. *See* Utah Code Ann. § 78A–6–1111(1)(a) (LexisNexis 2012). To prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that counsel's performance was objectively deficient, and that a reasonable probability exists that but for the deficient conduct, defendant would have obtained a more favorable outcome at trial. *See State v. Clark,* 2004 UT 25, ¶ 6, 89 P.3d 162.

¶ 3 During trial, Mother informed the juvenile court that she would like to call certain witnesses, which her trial counsel had declined to subpoena. Mother requested a continuance in order to subpoena the proposed witnesses. The juvenile court questioned Mother regarding the proposed witnesses' identity and the substance of their anticipated testimony. The record objective-

ly demonstrates that Mother's proposed witnesses would have been unable to offer any testimony that was relevant to the issues before the court. It is apparent from the record that trial counsel had a legitimate basis for declining to call Mother's proposed witnesses, and that no prejudice resulted from trial counsel's strategic decision.

¶ 4 Mother next asserts that rule 55(b) of the Utah Rules of Appellate Procedure improperly requires trial counsel to assert his or her own ineffectiveness in a petition on appeal. *See* Utah R.App. P. 55(b) ("Claims of ineffective assistance of counsel do not constitute extraordinary circumstances [to allow withdrawal of counsel] but should be raised by trial counsel in the petition on appeal."). In the context of child welfare proceedings, once a claim of ineffective assistance of trial counsel is raised, this court independently reviews the juvenile court's record, and any responses to the petition on appeal. If the court determines that the alleged ineffective assistance of counsel warrants further briefing, we may order the juvenile court to appoint conflict counsel for further briefing and argument. We conclude that rule 55(b) does not deprive Mother of a fair opportunity to present her ineffective assistance of counsel claims on appeal.[1]

¶ 5 Affirmed.

---

1. We observe that this court reached the same result in an earlier case when we determined that rule 55(b) does not impede an appellant from asserting ineffective assistance of counsel claims in the petition on appeal. *See In re J.D.,* 2006 UT App 29U, para. 1, 2006 WL 246563 (per curiam).