**2015 UT App 77**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
SILVANO GUADARRAMA,
Defendant and Appellant.

Memorandum Decision
No. 20130750-CA
Filed April 2, 2015

Second District Court, Ogden Department
The Honorable Michael D. Lyon
No. 121902379

Samuel P. Newton, Attorney for Appellant

Sean D. Reyes and Christopher D. Ballard,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES MICHELE M. CHRISTIANSEN and JOHN A. PEARCE
concurred.

ORME, Judge:

¶1     Defendant Silvano Guadarrama pled no contest to one count of rape of a child, a first degree felony.[1] The trial court sentenced Defendant to an indeterminate prison term of twenty-five years to life. Defendant does not contest his conviction, but he appeals his sentence. We affirm.

---

1.     "A person commits rape of a child when the person has sexual intercourse with a child who is under the age of 14." Utah Code Ann. § 76-5-402.1(1) (LexisNexis 2012).

¶2    Defendant asserts that his trial counsel was ineffective for failing to challenge the constitutionality of the rape-of-a-child statute because, in his view, the statute unconstitutionally mandates an excessive sentence in violation of the Eighth Amendment to the United States Constitution.[2] Specifically, Defendant contends that his trial counsel "ineffectively failed to raise the argument that the [rape-of-a-child] statute which imposed a minimum 25-year to life sentence was a cruel and unusual punishment because it exceeded the minimum mandatory sentence for murder, which mandates a 15-year to life sentence."

¶3    "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162. To establish ineffective assistance of counsel, a defendant must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To meet the first prong of *Strickland*, a defendant must show that his counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. This showing requires the defendant to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted).

¶4    Under Utah Code section 76-5-402.1(2)(a), rape of a child is generally punishable by an indeterminate prison term of "not less than 25 years and which may be for life."[3] Utah Code Ann. § 76-5-

---

2.    The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3.    As the State's brief correctly points out, prison is not invariably mandatory for a defendant convicted of rape of a child, despite statutory language initially suggesting otherwise. The rape-of-a-child statute provides, "Imprisonment under this section is

(continued...)

402.1(2)(a) (LexisNexis 2012). "Only rarely will a statutorily prescribed punishment be so disproportionate to the crime that the sentencing statute is unconstitutional." *State v. Bishop*, 717 P.2d 261, 269 (Utah 1986). Indeed, "[o]utside the context of capital punishment," successful challenges based on a proportionality argument are "exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289–90 (1983) (alteration in original) (citation and internal quotation marks omitted). *See, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 961, 994–96 (1991) (holding that a mandatory life sentence without the possibility of parole for possessing 672 grams of cocaine was not cruel and unusual punishment, even though the defendant had no

---

3. (...continued)

mandatory in accordance with Section 76-3-406." Utah Code Ann. § 76-5-402.1(3) (LexisNexis 2012). But section 76-3-406 prohibits a sentencing court from taking any action that would "in any way shorten the prison sentence" for rape of a child "*except* as provided in Section 76-5-406.5." *See id.* § 76-3-406 (emphasis added). And section 76-5-406.5 allows the court to "suspend execution of sentence and consider probation to a residential sexual abuse treatment center only if all of [twelve enumerated] circumstances are found by the court to be present" and if, "in its discretion," the court finds probation to be in "the best interests of the public and the child victim." *Id.* § 76-5-406.5(1).

In this case, the trial court stated that it believed a sentence of twenty-five years to life was the appropriate sentence in light of the victim's age and the circumstances of the crime, the fact that Defendant was on probation for a prior adult conviction when the crime occurred, the fact that Defendant was drinking and using drugs when the crime occurred, and Defendant's gang involvement. The trial court, in its discretion, did not consider probation to be an appropriate punishment for Defendant's crime. Thus, in deciding to impose a term of imprisonment, it became bound by the statutorily prescribed prison term for rape of a child—an indeterminate prison term of "not less than 25 years and which may be for life." *See id.* § 76-5-402.1(2)(a).

prior felony convictions). *But see Solem*, 463 U.S. at 281, 303 (holding that a life sentence without the possibility of parole for "uttering a 'no account' check for $100" was significantly disproportionate to the defendant's crime and was therefore prohibited by the Eighth Amendment).

¶5    While Defendant is correct in his argument that "it is generally accepted that murder is more serious than other crimes," *Bishop*, 717 P.2d at 269, our Supreme Court has recognized that "sexual crimes, particularly those involving children, represent an especially heinous form of bodily insult," *LeBeau v. State*, 2014 UT 39, ¶ 50, 337 P.3d 254. *See In re Z.C.*, 2007 UT 54, ¶ 18, 165 P.3d 1206 ("Sexual abuse of a child is one of the most heinous crimes recognized by our penal code."); *Bishop*, 717 P.2d at 269 ("Crimes against children are usually looked upon as more heinous than those committed against adults[.]"). For example, in *State v. Bishop*, 717 P.2d 261 (Utah 1986), our Supreme Court recognized, in the context of a sodomy-on-a-child conviction, that sexual crimes against children are "likely to have long-term effects on [the] victims and even perhaps the children of victims." *Id.* at 270. Such crimes are "inflicted upon the most defenseless and innocent of human beings," and even when they involve no physical violence, "the psychological and developmental damage that may be done is often long lasting, and even permanent." *Id.* Therefore, in *Bishop*, the Supreme Court held that the severe punishment for a sodomy-on-a-child conviction was "justified by the effects of the crime on the victims, the prevalence of the crime in society, the defenselessness of the victims, and the high degree of recidivism by offenders." *Id. See In re Z.C.*, 2007 UT 54, ¶ 18 ("Child sex abuse merits serious penalties because of the extreme psychological harm that the perpetrator causes the victim.").

¶6    Child rape victims are likely to suffer consequences similar to those suffered by child sodomy victims—they are at least as likely to experience severe psychological and developmental

damage as a result of the crime committed against them.[4] *See Bishop*, 717 P.2d at 270. Thus, in light of the gravity of the crime, we cannot conclude that the statutorily prescribed penalty for rape of a child is unduly harsh.

¶7    Moreover, we recognize that "[l]egislatures are far better equipped [than courts] to balance the competing penal and public interests and to draw the essentially arbitrary lines between appropriate sentences for different crimes." *Solem*, 463 U.S. at 314 (Burger, C.J., dissenting). Because "sentencing statutes are necessarily based on numerous, imprecise considerations, substantial deference must be accorded to the prerogatives of legislative power 'in determining the types and limits of punishments for crimes.'" *Bishop*, 717 P.2d at 269 (quoting *Solem*, 463 U.S. at 290). It may seem odd that the statutorily prescribed prison sentence for rape of a child is longer than the statutorily prescribed prison sentence for murder.[5] But our Legislature has

---

4.    Indeed, in her victim impact statement, the victim in this case wrote that as a result of her rape by Defendant, she has suffered from flashbacks and nightmares, she has anger issues, she has attempted suicide, and she has twice been admitted to a mental hospital.

5.    Defendant argues that he would have received a "less serious" sentence if he had killed his victim instead of raping her because the statutorily prescribed punishment for murder is "an indeterminate term of not less than 15 years and which may be for life." *See* Utah Code Ann. § 76-5-203(3)(b) (LexisNexis 2012). He argues that "[t]he law clearly cannot, and should not, promote a defendant's need to murder a person in order to receive a less severe sanction."

To begin with, Defendant's argument simply makes no sense. It is obvious that rape of a child and murder are dissimilar crimes with distinct intents, and the crimes committed by sexual

(continued...)

determined that an indeterminate prison term of "not less than 25 years and which may be for life" is the appropriate sentence for the crime of rape of a child and that "an indeterminate term of not less than 15 years and which may be for life" is the appropriate sentence for murder. *See* Utah Code Ann. § 76-5-402.1(2)(a) (LexisNexis 2012) (rape of a child); *id.* § 76-5-203(3)(b) (murder). It is not our role to supplant the Legislature's considered judgment. Rather, we defer to the Legislature's determination regarding the appropriate penalty for each crime. *See State v. Gardner*, 947 P.2d 630, 639 (Utah 1997).

---

5. (...continued)
predators and murderers are not interchangeable. This is especially true where, as here, Defendant's crime was one of opportunity and the victim thought Defendant loved her.

In any event, Defendant's argument is based on a faulty reading of the Utah Code. If Defendant had killed his twelve-year-old victim instead of raping her, he would have been guilty of aggravated murder. *See id.* § 76-5-202(1)(t)(i). Aggravated murder is either a capital felony or a noncapital first degree felony, punishable by "an indeterminate prison term of not less than 25 years and which may be for life," life in prison without parole, or death. *See id.* § 76-5-202(3)(a), (b); *id.* § 76-3-206(1) (articulating the possible sentences for a capital-felony conviction, which include death); *id.* § 76-3-207.7 (articulating the possible sentences for first degree felony aggravated murder). In either situation, Defendant would not have received a less severe sentence for murdering his victim as opposed to raping her.

To the extent Defendant means to suggest that the punishment for rape of a child is so severe that there is no penal downside to murdering the rape victim, he is wrong on this point as well. A killing in the course of raping a child constitutes aggravated murder, punishable in the same manner just discussed. Moreover, if there was a sufficient break between the commission of the rape and the murder, the offenses could be charged as two distinct, separately punishable crimes, likely to result in long consecutive sentences, even if capital punishment were avoided.

¶8    Given the gravity of the crime of rape of a child, we are not persuaded that Utah Code section 76-5-402.1(2)(a) imposes a punishment that is so disproportionate to the offense committed as to be unconstitutional. Nor are we inclined to second-guess the Legislature's determination regarding the appropriate penalty for an offender who rapes a child. And because such a challenge to the constitutionality of the rape-of-a-child statute would have been unavailing, we conclude that Defendant's trial counsel did not render ineffective assistance by not challenging the statute at sentencing.

¶9    Affirmed.

_____