**2017 UT App 156**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JUSTIN ROBINSON ROGERS,
Appellant.

Per Curiam Opinion
No. 20170041-CA
Filed August 24, 2017

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 151902704

Samuel P. Newton, Attorney for Appellant

Christopher Allred, Nicholas Caine, and Teral L.
Tree, Attorneys for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
JILL M. POHLMAN.[1]

PER CURIAM:

¶1   Justin Robinson Rogers appeals the revocation of probation and imposition of the suspended sentence for his convictions. We affirm.

¶2   This court reviews a district court's decision to revoke probation for an abuse of discretion. *See State v. Legg*, 2014 UT App 80, ¶ 7, 324 P.3d 656. "[W]e view the evidence of a probation violation in a light most favorable to the trial court's

---

1. Judge J. Frederic Voros Jr. participated in this case as a member of the Utah Court of Appeals. He retired from the court before this decision issued.

findings and substitute our own judgment only if the evidence is so deficient as to render the court's action an abuse of discretion." *State v. Maestas*, 2000 UT App 22, ¶ 12, 997 P.2d 314. Because Rogers did not preserve the issues he seeks to raise on appeal, he claims that the district court committed plain error. "To demonstrate plain error, a defendant has the burden of showing (i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful." *State v. Smit*, 2004 UT App 222, ¶ 28, 95 P.3d 1203 (citation and internal quotation marks omitted). Alternatively, Rogers claims that his trial counsel was ineffective in representing him in the probation revocation proceedings. To prove ineffective assistance of counsel, a defendant must show that counsel's performance was objectively deficient and that a reasonable probability exists that but for the deficient conduct, defendant would have obtained a more favorable outcome. *See State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.

¶3     On February 24, 2016, the district court sentenced Rogers on convictions for assault against a police officer, a class A misdemeanor, and lewdness, a class B misdemeanor. A presentence investigation report (PSI) recommended that Rogers serve 120 days in jail followed by probation to be supervised by Adult Probation & Parole (AP&P). Rogers's trial counsel acknowledged that Rogers had a history of drug use, a very poor supervision history, and multiple arrests since being placed on probation in previous cases. The PSI recommended that Rogers "may be released early" upon his enrollment in a residential drug treatment program. At sentencing, trial counsel stated that Rogers's family had identified an out-of-state residential drug treatment program that would accept him. Rogers's trial counsel requested that Rogers be allowed to serve the jail sentence in this case concurrently with his sentence in an unrelated Utah County case, then be placed on probation and released to the out-of-state residential drug treatment program. The prosecutor did not oppose drug treatment, but he noted that Rogers would need to qualify under the interstate compact guidelines in order to leave Utah for treatment.

¶4      At the original sentencing, the district court noted Rogers's criminal and arrest record and stated that he required either drug treatment or jail time. The court observed that it was uncertain whether Rogers could be transferred to another state under an interstate compact. The court stated that AP&P would "have to decide . . . whether he can be transferred and . . . whether this is the program that they think is going to be appropriate." The district court left the choice of any treatment program to AP&P. The district court then sentenced Rogers to jail terms of 365 days on the class A misdemeanor and 180 days on the class B misdemeanor, suspended all but 120 days, and placed Rogers on probation to be supervised by AP&P for twenty-four months. The written judgment and sentence recited that Rogers's family wanted him to be transferred to West Virginia to enroll in a residential treatment program and that AP&P "will determine if this program is appropriate and if the defendant is eligible for transfer under the interstate compact." The written judgment further stated, "At the discretion of Adult Probation and Parole, the defendant may be released early if enrolled in a residential treatment facility." Rogers was not released early to a drug treatment program.

¶5      In May 2016, AP&P filed an order to show cause, supported by an affidavit alleging that Rogers violated his probation by committing the following two criminal offenses in Salt Lake County while on probation: aggravated assault, a third degree felony, and criminal trespass, a class B misdemeanor. AP&P prepared a Progress/Violation Report (PVR), dated May 12, 2016, which stated that while a typical recommendation would be to continue probation with a jail sanction of zero to ninety days, AP&P's recommendation deviated from the matrix "based on his alleged commission of felony person crimes while being supervised and multiple new law violations since his probation began." AP&P recommended that Rogers's probation should be terminated and that he should serve 180 days in jail.

¶6      Rogers initially denied the allegations of the order to show cause and supporting affidavit. The district court

continued proceedings on the order to show cause pending resolution of Rogers's Salt Lake County charges. On July 20, 2016, Rogers admitted that he violated his probation by being convicted of attempted aggravated assault, a class A misdemeanor, in the Salt Lake County case. Based on the admission to the probation violation, the State was not required to present proof of the violation. The district court set the case for consideration of the probation violation and requested an updated report from AP&P.

¶7     At the time of the August 10, 2016 hearing, the district court had not received an updated report from AP&P. Rogers's trial counsel advised the court that although he had not received an updated report, he spoke with an AP&P agent, who stated that the sentencing recommendation made in the May 12, 2016 PVR remained AP&P's recommendation.[2] The prosecutor also confirmed that he received the same information when he contacted AP&P. After the district court was apprised of the fact that the May 12, 2016 PVR contained a sentencing recommendation, the court proceeded. Noting that Rogers had roughly ninety days left to serve on the original sentence, his trial counsel requested "that the court follow the 180-day recommendation of AP&P with credit for time served." However, the prosecutor argued that probation should be terminated and that the original sentence should be served. The district court reviewed Rogers's history while on probation in this and other cases and his commission of an assault while on probation. The district court terminated probation, reinstated the original sentence of 365 days in jail on the class A misdemeanor and 180 days on the class B misdemeanor, to run concurrently, with credit for time served.

---

2. Trial counsel did not oppose a continuance to obtain a new PVR, but counsel stated that he was also prepared to proceed because the recommendation had not changed.

¶8     Rogers claims on appeal that the district court plainly erred by reinstating the original sentence without an updated PVR, by not making a finding that the violation was willful, and by not considering that the original sentence "required AP&P to find [a] suitable inpatient treatment." Alternatively, he claims that his trial counsel was ineffective in failing to raise those issues. Rogers claims that his release from jail without receiving treatment caused him to violate probation by committing a new offense. Rogers also claims that he was denied due process because he believes a new PVR would have demonstrated that AP&P was ordered to find a drug treatment program for him.

¶9     "Probation may not be revoked except upon a hearing in court and a finding that the conditions of probation have been violated." Utah Code Ann. § 77-18-1(12)(a)(ii) (LexisNexis Supp. 2016). "At the hearing, the defendant shall admit or deny the allegations of the affidavit." *Id.* § 77-18-1(12)(d)(i). "*If a defendant denies the allegations of the affidavit*, the State shall present evidence on the allegations," *id.* § 77-18-1(12)(d)(ii) (emphasis added), and then the defendant may call witnesses, appear, and present evidence, *see id.* § 77-18-1(12)(d)(iv). Rogers denied the allegations of the original affidavit; however, he later admitted an amended allegation that he violated his probation by being convicted of attempted aggravated assault. Rogers did not preserve the claim that the district court was required to find that his violation was "willful" despite his admission to the probation violation. The district court did not plainly err by not making a finding on an issue that was no longer in dispute.

¶10     Rogers claims that the district court ordered AP&P to find a suitable residential drug treatment program but that AP&P failed to do so. Thus, he argues that the district court plainly erred by failing to consider that alleged failure when it sentenced Rogers on the probation violation. Rogers asserts that he cannot be held responsible for a probation violation by committing a new criminal offense because "all parties" agreed he needed treatment. The record does not support the claim. Both the written judgment and sentence and the original sentencing

transcript reflect that trial counsel represented that Rogers's family wished to have him released early from jail into an out-of-state residential drug treatment program. The prosecutor did not oppose treatment but expressed doubt about Rogers's eligibility to participate in the proposed treatment under an interstate compact. The district court authorized an early release from jail if Rogers were enrolled in a residential drug treatment program, but the court specifically left the determination whether Rogers would be placed in a program to the discretion of AP&P. The district court did not order AP&P to find a drug treatment program.

¶11   Finally, the district court did not abuse its discretion, let alone plainly err, in revoking Rogers's probation and reinstating the original sentence, with credit for time served. Although AP&P did not prepare an additional PVR after May 12, 2016, Rogers's trial counsel and the prosecutor confirmed with AP&P that its sentencing recommendation on the probation violation remained the same. The district court did not plainly err in proceeding on the information from the May 12, 2016 report, as supplemented by the undisputed representations concerning recent contacts with AP&P.

¶12   Under these circumstances, Rogers has also failed to demonstrate that his trial counsel was ineffective. Trial counsel was not deficient for failing to make an unsupported claim that AP&P did not comply with the original sentencing order. Furthermore, trial counsel pursued a legitimate trial strategy by supporting the AP&P recommendation, which was reasonably calculated to obtain an earlier release from jail. Finally, when the district court expressed concern that the new offense involved violence, Rogers's trial counsel endeavored to challenge the court's perception of the offense in an effort to argue for a more favorable sentence.

¶13   Affirmed.

_____