2019 UT App 115

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
WILLIAM TIRADO,
Appellant.

Opinion
No. 20140967-CA
Filed July 5, 2019

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 121901668

Margaret P. Lindsay and Douglas J. Thompson,
Attorneys for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES KATE APPLEBY and JILL M. POHLMAN concurred.

CHRISTIANSEN FORSTER, Judge:

¶1 William Tirado challenges his conviction on one count of arranging the distribution of a controlled substance, a second-degree felony, on the ground that he received ineffective assistance of counsel because his trial counsel had an actual conflict of interest. We previously remanded this case for the trial court to make additional findings pursuant to rule 23B of the Utah Rules of Appellate Procedure. *See State v. Tirado*, 2017 UT App 31, ¶ 26, 392 P.3d 926. The trial court did so and concluded that Tirado received ineffective assistance of counsel. Having reviewed the trial court's findings and conclusions, we reverse Tirado's conviction and remand for a new trial.

BACKGROUND

¶2 Tirado was arrested following a sting operation in which a paid informant (Informant) attempted to purchase drugs from Tirado and his cousin (Cousin).[1] Although communication between Informant and Tirado was vague and no drugs exchanged hands, the investigating officer (Officer) arrested Cousin pursuant to outstanding warrants and discovered that he had 2.1 grams of methamphetamine on his person. When asked about the methamphetamine, Cousin allegedly told Officer that "if he needed to sell [methamphetamine], he would sell from that specific amount."

¶3 Officer also took Tirado into custody. Although Officer found no drugs or paraphernalia on Tirado's person, officers ultimately discovered drug paraphernalia at Tirado's residence after obtaining permission from Tirado's fiancée to search it. Tirado was charged with possession of drug paraphernalia, a class A misdemeanor, and arranging the distribution of a controlled substance, a second-degree felony.

¶4 The same appointed counsel (Attorney) represented both Tirado and Cousin. Cousin eventually pleaded guilty to attempted possession of a controlled substance with intent to distribute. Attorney was unable to obtain a plea deal for Tirado, and his case went to trial.

¶5 At trial, Attorney did not call Cousin as a witness or object when Officer testified regarding Cousin's statement about his intent to sell methamphetamine. Tirado was ultimately convicted of both charges and appealed his conviction for arranging the distribution of a controlled substance.

---

1. Additional facts were articulated in our previous opinion. *See State v. Tirado*, 2017 UT App 31, ¶¶ 2–8, 392 P.3d 926.

¶6     On appeal, Tirado asserted that he received ineffective assistance of counsel because Attorney's concurrent representation of both Tirado and Cousin constituted "an actual conflict of interest which adversely affected counsel's performance." Specifically, he alleged that the conflict affected Attorney's decision "not to challenge the evidence relating to Cousin and not to call Cousin as a witness." *State v. Tirado*, 2017 UT App 31, ¶ 16, 392 P.3d 926. Concurrent with his appeal, Tirado moved this court to remand the case pursuant to rule 23B of the Utah Rules of Appellate Procedure to enable the trial court to make factual findings regarding Attorney's alleged conflict. We granted Tirado's motion, directing the trial court to determine "(1) whether Attorney's representation of Cousin resulted in an actual conflict of interest with respect to his representation of Defendant, to which Defendant did not consent, and (2) whether that conflict of interest caused Attorney's representation of Defendant to be constitutionally ineffective." *Id.* ¶ 26.

¶7     On remand, the trial court held a three-day evidentiary hearing to assess Tirado's ineffective assistance claims. The court determined that Attorney had read the police reports upon being assigned to Tirado's case and was aware that Cousin was arrested at the same time and that Attorney had also been assigned to represent Cousin, whom he had represented in other cases. The trial court further found that Cousin had told Attorney that he was willing to testify on Tirado's behalf. Specifically, Cousin was prepared to testify that he and Tirado "were not working together to sell those drugs, he did not have Tirado contact [Informant] on the phone to arrange a drug deal, and Tirado was not acting" as an agent for Cousin. Cousin also told Attorney that he would deny that he ever admitted to police that he intended to sell the drugs found in his pocket. The court found that such statements would have been inconsistent with the admission Cousin made in his plea agreement that he

knowingly and intentionally possessed and attempted to distribute methamphetamine.

¶8     Based on the information submitted at the evidentiary hearing, the trial court concluded that Attorney had labored under an actual conflict of interest because "[s]imultaneously representing both Tirado and [Cousin] created a substantial risk that [Attorney's] representation of Tirado would be materially limited by his responsibilities to [Cousin]." Moreover, because Tirado's case rested on his assertion that he did not intend to distribute drugs, Cousin's plea, which Attorney arranged and in which Cousin admitted his intent to distribute, had the potential to undermine Tirado's defense. The court further concluded that this conflict affected Attorney's ability to adequately represent Tirado because Attorney could not call Cousin as a witness in Tirado's case without violating his duties to Cousin, due to the possibility that Cousin's testimony would open Cousin up to perjury charges, and because Attorney could not put himself in a position where he would be forced to cross-examine Cousin, as "'[a]n attorney who cross-examines former clients inherently encounters divided loyalties.'" (Quoting *United States v. Voigt*, 89 F.3d 1050, 1078 (3d Cir. 1996).)

¶9     The court also assessed Tirado's assertion that Attorney performed ineffectively by failing to object to the hearsay statement in Officer's testimony. It concluded that the State's theory at trial was bolstered by what Cousin allegedly told Officer about his intent concerning the drugs—that "if he needed to sell it, he would sell from that specific amount." The court found that the failure to object to this testimony was not supported by any reasonable trial strategy and that Tirado was prejudiced by the statement because the State relied on it as evidence of Tirado's intent to distribute, since Tirado was allegedly acting as the go-between for Cousin and Informant.

¶10   After the trial court issued its findings and conclusions, the State challenged the court's determination that Tirado received ineffective assistance, asserting that the findings did not support a conclusion that Attorney's conflict adversely affected his performance and that the trial court exceeded the scope of its mandate on remand by reaching conclusions concerning Attorney's failure to object to Officer's hearsay statements. Tirado, on the other hand, requests that we accept the trial court's findings and conclusions and reverse his conviction.

ISSUE AND STANDARD OF REVIEW

¶11   Tirado's ineffective assistance of counsel claim turns on his assertion that Attorney was laboring under an actual conflict of interest that adversely affected his performance. "In ruling on an ineffective assistance claim following a Rule 23B hearing, we defer to the trial court's findings of fact, but review its legal conclusions for correctness."[2] *State v. Bredehoft*, 966 P.2d 285, 289 (Utah Ct. App. 1998) (quotation simplified).

---

2. Tirado asserts that further review of the trial court's decision is unnecessary because we should simply "accept the findings and conclusions issued by the district court." Tirado cites the language of our mandate to the trial court, which directed it to determine "(1) whether Attorney's representation of Cousin resulted in an actual conflict of interest with respect to his representation of Defendant, to which Defendant did not consent, and (2) *whether that conflict of interest caused Attorney's representation of Defendant to be constitutionally ineffective.*" *See Tirado*, 2017 UT App 31, ¶ 26 (emphasis added). Tirado asserts that by issuing the order, this court essentially delegated its decision regarding ineffective assistance to the trial court and can now review the trial court's determination only if Tirado

(continued…)

ANALYSIS

¶12    The State asserts that the trial court erred in concluding that Tirado received ineffective assistance of counsel, because the evidence did not support a determination that the conflict "actually affected the adequacy of [Attorney's] representation."

(…continued)

seeks further review. But this is not the case. The purpose of rule 23B remand is to permit the trial court to enter "findings of fact, necessary for the *appellate court's* determination of a claim of ineffective assistance of counsel." Utah R. App. P. 23B(a) (emphasis added). Frequently, this court may request that a 23B court go one step further and make legal conclusions, or a 23B court may do so on its own initiative. *See, e.g.*, *State v. Taylor*, 947 P.2d 681, 684 (Utah 1997) (identifying the issue on rule 23B remand as whether counsel had "provided ineffective assistance of counsel and in doing so prejudiced the outcome"); *State v. Bair*, 2012 UT App 106, ¶ 8, 275 P.3d 1050 (remanding for a determination of "whether trial counsel was ineffective" with respect to four separate issues (quotation simplified)); *State v. Millard*, 2010 UT App 355, ¶ 11, 246 P.3d 151 (reciting the rule 23B court's legal conclusions that counsel did not perform deficiently and that the defendant did not suffer prejudice). Given the fact-dependent nature of the ineffective assistance inquiry and the deference an appellate court is required to give to a trial court's factual determinations, it is natural and helpful for the trial court to apply its findings of fact to reach legal conclusions regarding ineffective assistance on rule 23B remand. But the purpose of a remand pursuant to rule 23B—to supplement the record with findings sufficient to permit appellate review, *see* Utah R. App. P. 23B(a)—dictates that the ultimate resolution of the matter of counsel's ineffectiveness, which originated on appeal, must be accomplished by the appellate court that ordered the remand in the first place.

*See Mickens v. Taylor*, 535 U.S. 162, 168 (2002) (quotation simplified); *see also Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980) ("In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."). The State maintains that an actual conflict of interest cannot be established unless there was "no tactical reason other than the alleged conflict for counsel's decision."

¶13    But this is not the standard for evaluating the adverse effect of a conflict of interest in the Sixth Amendment context. When evaluating a claim that a conflict of interest caused an attorney not to do something, we consider "(1) whether the arguments or actions allegedly omitted would likely have been made by other counsel, and (2) whether there was a tactical reason (other than the asserted conflict) for the omission." *State v. Webb*, 790 P.2d 65, 76 (Utah Ct. App. 1990); *see also State v. Lovell*, 1999 UT 40, ¶ 24, 984 P.2d 382. This is different from the general standard for evaluating counsel's performance under *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a defendant to persuade us that there was "no conceivable tactical basis" for counsel's actions. *See State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162 (emphasis omitted) (citing *Strickland*, 466 U.S. at 689). In the case of a conflict of interest based on an omission, even if there was a conceivable tactical basis for counsel's decision, we also assess "whether the arguments or actions allegedly omitted would likely have been made by other counsel." *Webb*, 790 P.2d at 76.

¶14    The State asserts that Attorney's decision not to call Cousin as a witness for Tirado was sound trial strategy because there were a number of credibility concerns with Cousin's testimony, Cousin would have been subject to impeachment with his criminal record, and Cousin would have appeared at trial in prison clothes. Attorney claims he ultimately believed it would hurt Tirado to be associated with Cousin. However,

Tirado was already associated with Cousin and his criminal record even without Cousin's in-court testimony, as the State's case rested on the assertion that Tirado was acting as a conduit between Cousin and Informant. The trial court on remand found that Cousin's testimony would have been helpful to Tirado, and we are not convinced that further associating Tirado and Cousin, when the State had already done so, would have undermined Tirado's defense.

¶15   Even if Attorney's effort to distance Tirado from Cousin could be considered a sound trial strategy based upon the circumstances of this case, we think it likely that other counsel, unhampered by a conflict of interest, would have approached the case differently. Because Attorney could not ethically call Cousin to the stand without compromising his duties to Cousin, he was inherently more likely than a conflict-free attorney to adopt a strategy that did not require him to call Cousin as a witness. Another attorney, without conflicting representation, would have been more likely to determine that because Tirado was already associated with Cousin, the additional association the jury might make if Cousin testified in Tirado's defense was outweighed by the potential exculpatory value of Cousin's testimony.

¶16   Likewise, we are concerned that Attorney's failure to object to Officer's statement was influenced by the conflict in representation.[3] The statement was inadmissible hearsay, offered

---

3. The State argues that the trial court exceeded the scope of its mandate by reaching the question of whether counsel was ineffective for failing to object to Officer's statement. But this issue was raised on appeal in the context of Tirado's claim that Attorney labored under an actual conflict of interest. Tirado asserted on appeal that the reason Attorney failed to object to the statement on hearsay or confrontation grounds was "because

(continued…)

"to prove the truth of the matter asserted," *see* Utah R. Evid. 801(c)(2); *see also id.* R. 802, and Tirado could have derived no conceivable benefit from its admission. Other counsel likely "would have approached the case differently," and we see no reasonable explanation for Attorney's failure to object to the admission of hearsay other than the conflict. *See Lovell*, 1999 UT 40, ¶ 24.

¶17    The State asserts that any deficiency in failing to object to Officer's statement was harmless because Cousin's plea, which was also admitted, contained the evidence of Cousin's admission. However, in reviewing whether a defendant has received ineffective assistance as a result of a conflict of interest arising from concurrent representation, "we presume prejudice if the defendant demonstrates that an actual conflict of interest

---

(…continued)

either of those objections would have required the State to call [Cousin] as a witness and would have required trial counsel to cross-examine and impeach his own client." *See United States v. Voigt*, 89 F.3d 1050, 1078 (3d Cir. 1996) ("An attorney who cross-examines former clients inherently encounters divided loyalties." (quotation simplified)); *Castillo v. Estelle*, 504 F.2d 1243, 1245 (5th Cir. 1974). Thus, the trial court's mandate included assessing whether Attorney's conflict of interest adversely affected his decision not to object to Officer's trial statement and whether Tirado received ineffective assistance of counsel as a result. On rule 23B remand, the trial court framed its conclusion a bit differently—it determined that the failure to object constituted ineffective assistance regardless of whether that decision was the result of Attorney's conflict of interest. But the trial court's framing of the issue—at least in the context presented here—did not take the issue outside the scope of the court's mandate.

adversely affected his lawyer's performance." *State v. Brandley*, 972 P.2d 78, 85 (Utah Ct. App. 1998) (quotation simplified).

¶18    Because we are convinced that another attorney, unhampered by concurrent representation of Tirado and Cousin, was likely to have called Cousin to the stand and likely would have objected to Officer's hearsay statement, we conclude that Attorney was laboring under an actual conflict of interest and that Tirado received ineffective assistance of counsel as a result.[4]

CONCLUSION

¶19    Having reviewed the trial court's findings of fact and conclusions of law after the rule 23B remand, we agree that Attorney's concurrent representation of Tirado and Cousin

---

4. We are also troubled by Attorney's negotiation of a plea agreement for Cousin that ultimately affected Tirado in a negative way. The trial court found that Attorney "did not consider how [Cousin's] plea to a distribution offense in this case might affect Tirado's case" and "did not discuss [Cousin's] plea with Tirado." Police found no drugs on Tirado's person and found only drug paraphernalia at his home, so the State's ability to prove that Tirado was involved in the distribution of drugs turned on its theory that Tirado was acting as the go-between for Cousin and Informant. Without Cousin's alleged statement to Officer regarding his own intent and Cousin's conviction for possession with intent to distribute, the State's only significant evidence that Tirado was involved in a drug transaction was his vague phone call with Informant, in which there was no actual discussion of drugs. While separate representation likely would not have precluded introduction of Cousin's plea agreement at Tirado's trial, it is concerning that Tirado's counsel was involved in negotiating that primary piece of evidence against him.

constituted an actual conflict of interest that adversely affected the adequacy of Attorney's representation of Tirado. Absent conflicting representation, it is likely that another attorney would have called Cousin to testify in Tirado's defense and would have objected to the admission of Officer's hearsay statement. Tirado therefore received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Accordingly, we reverse Tirado's conviction of arranging the distribution of a controlled substance and remand for a new trial.

––––––––––