2017 UT App 52

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
MICHAEL JOHN EDGAR,
Appellant.

Opinion
No. 20150594-CA
Filed March 23, 2017

Fourth District Court, Provo Department
The Honorable Lynn W. Davis
No. 131403487

Emily Adams, Attorney for Appellant

Sean D. Reyes and Christopher D. Ballard, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and DAVID N. MORTENSEN
concurred.

VOROS, Judge:

¶1 Michael John Edgar appeals his convictions for various drug offenses. Edgar principally contends that his trial counsel performed ineffectively by not objecting to testimony that Edgar tried to negotiate a plea deal based on his ties to drug dealers. But Edgar admitted to police that the drugs in question were his, and his admission was corroborated by another witness. Accordingly, he cannot demonstrate that his counsel's trial performance resulted in prejudice. We therefore affirm.

BACKGROUND

¶2    On November 21, 2013 officers followed a vehicle that left Edgar's home during surveillance of the house. After noting several traffic violations, they pulled the vehicle over. The driver of the car identified herself as Edgar's wife. Police questioned Edgar's wife and the female passenger. When the women gave inconsistent statements, the officers approached the vehicle with a drug dog. The officers found drugs on the passenger's person. The officers also found a safe in the car's trunk, and the drug dog indicated the presence of drugs within the safe. Edgar called his wife multiple times during the stop. When she finally answered, the officer asked whether he could speak to him; she handed the officer her phone. The officer asked Edgar to come to the scene; Edgar asked the officers to let his wife and the other passenger go. Edgar agreed to talk to the officers as long as they didn't open the safe. And he agreed to meet the officers at another location.

¶3    When Edgar failed to show up at the designated location, the officers went to his house and arrested him. When they asked him to open the safe, he refused to give them the combination because doing so, he said, would implicate him. They then forcibly opened the safe, finding drug paraphernalia, a digital scale, distributable amounts of drugs, and a prescription bottle bearing Edgar's name. Police then searched Edgar's house and found drugs and paraphernalia in his room. When questioned about the contents of the safe, Edgar said that the drugs belonged to him and that his wife had no involvement. The passenger in the car corroborated Edgar's admission.

¶4    During his interview, Edgar offered to cooperate with police, saying that he would give them "big people" and that he had "ties to people that he could offer up" in exchange for leniency on the current charges. During the interview, Edgar never denied knowledge of the safe or its contents.

¶5    Edgar was charged with two counts of possession with intent to distribute a controlled substance, second degree felonies; two counts of possession or use of a controlled substance, class B misdemeanors; and one count of use or possession of drug paraphernalia, a class B misdemeanor.

¶6    Over the next several months, Edgar contacted the investigating officer 15 to 20 times about the prospect of becoming a confidential informant. During one of the phone calls, he indicated that he knew several "big players" who "carry weight"—meaning that they distribute "large amounts of illegal drugs, namely methamphetamine"—and offered to identify those people in exchange for leniency. The officer declined Edgar's offer.

¶7    Edgar also contacted a local Drug Enforcement Administration agent in an attempt to receive leniency on his pending charges. He informed the DEA agent that he "had access to a Mexican source of supply for heroin" and that "he was capable of getting pounds" from that source. The DEA agent also declined Edgar's offer. The investigating officer and the DEA agent both testified at trial.

¶8    In closing arguments at trial, the prosecutor made a statement intimating that Edgar had told the DEA agent that Edgar was actually distributing drugs himself. The prosecutor told the jury, "Got a drug dealer admittedly, trying to work off charges with the Major Crimes Task Force, the DEA, how many of us would have the wherewithal to call the DEA and say, Hey, I've got these drug charges, I need to work, I'm moving tons of weight, pounds of heroin." Defense counsel did not object. The jury convicted Edgar on all charges.

ISSUES AND STANDARD OF REVIEW

¶9    Edgar contends that his trial counsel rendered ineffective assistance of counsel in three ways. First, Edgar claims that his

counsel was ineffective for not objecting under rule 403 of the Utah Rules of Evidence to testimony about the proposed leniency deal. Second, Edgar claims that his counsel was ineffective for not objecting to the prosecutor's misstatement of the evidence in closing argument. Third, Edgar contends in a rule 23B motion that his counsel was ineffective for not objecting under rule 410 of the Utah Rules of Evidence to his statements made during the course of plea negotiations.

¶10   "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.

ANALYSIS

¶11   To succeed on a claim of ineffective assistance of counsel, a defendant must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Nelson*, 2015 UT 62, ¶ 12, 355 P.3d 1031. However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* To prove prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

¶12   "Failure to raise futile objections does not constitute ineffective assistance of counsel." *State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546. But showing that an objection would have resulted in the exclusion of inadmissible evidence falls short of demonstrating prejudice. The defendant must in addition show "a reasonable probability that the verdict would have been

different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

## I. Rule 403 Objection

¶13 Edgar contends that his trial counsel rendered ineffective assistance of counsel by not objecting to testimony from the law enforcement officers that connected Edgar with drug dealers. Edgar argues that this testimony should have been excluded under rule 403 of the Utah Rules of Evidence. Specifically, Edgar argues that the testimony shed no light on what happened when the police arrested him and did not aid the jury in determining crucial facts in this case.

¶14 At trial, the investigating officer testified that Edgar indicated that he knew several "big players" who "carry weight"—meaning that they distribute "large amounts of illegal drugs, namely methamphetamine"—and that Edgar offered to identify those people in exchange for leniency. The DEA agent testified that Edgar informed him that he "had access to a Mexican source of supply for heroin" and that "he was capable of getting pounds" from that source. Edgar's trial counsel did not object to either portion of the testimony.

¶15 Rule 403 provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Utah R. Evid. 403. This rule imposes on the defendant a "heavy burden not only to show that the risk of unfair prejudice is greater than the probative value, but that it 'substantially outweigh[s]' the probative value." *State v. Jones*, 2015 UT 19, ¶ 29, 345 P.3d 1195 (alteration in original).

¶16 Edgar's claim fails because he cannot demonstrate "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Even if the challenged evidence had been excluded at trial, the remaining evidence against Edgar was virtually insurmountable. He told police that if he gave them the combination to the safe, it would implicate him. The safe held, in addition to the drugs and paraphernalia, a prescription bottle bearing Edgar's name. And when questioned about the contents of the safe, Edgar admitted that the drugs were his, an admission corroborated by another witness.

¶17    Assuming without deciding that any reasonable defense counsel would have objected to the admission of Edgar's later statements about drug suppliers, and that such an objection would have been sustained and the evidence excluded, Edgar's claim still fails. Given Edgar's corroborated admission that the drugs were his, he cannot show a reasonable probability that the result of the proceeding would have been different. *See id.*

## II. The State's Closing Argument

¶18    Edgar next contends that his trial counsel was ineffective for not objecting to the prosecutor's "statements during closing arguments that misstated the evidence and that were inflammatory."

¶19    In closing, the prosecutor told the jury, "Got a drug dealer admittedly, trying to work off charges with the Major Crimes Task Force, the DEA, how many of us would have the wherewithal to call the DEA and say, Hey, I've got these drug charges, I need to work, I'm moving tons of weight, pounds of heroin." Edgar argues that the statement, "I'm moving tons of weight, pounds of heroin," misstated the evidence. The DEA agent in fact testified not that Edgar claimed to move tons of weight or pounds of heroin, but that Edgar knew "big players" who did and that he could get "pounds" from them. Thus, the testimony was not that Edgar was "a drug dealer, admittedly,"

but that he knew drug dealers and could make big buys from them.[1]

¶20 Generally speaking, in argument to the jury, "counsel for each side has considerable latitude and may discuss fully his or her viewpoint of the evidence and the deductions arising therefrom." *State v. Dunn*, 850 P.2d 1201, 1223 (Utah 1993). Nevertheless, a prosecutor's remarks require reversal if (1) they "call to the attention of the jurors matters they would not be justified in considering in determining their verdict" and, (2) "under the circumstances of the particular case, the error is substantial and prejudicial such that there is a reasonable likelihood that in its absence, there would have been a more favorable result for the defendant." *State v. Thomas*, 777 P.2d 445, 447 (Utah 1989).

¶21 Step two of this analysis "involves a consideration of the circumstances of the case as a whole," including "the evidence of defendant's guilt." *State v. Troy*, 688 P.2d 483, 486 (Utah 1984). "If proof of defendant's guilt is strong, the challenged conduct or remark will not be presumed prejudicial." *Id.* (citation and internal quotation marks omitted). A case with less compelling proof requires more scrutiny. *Id.* A case in which jurors must weigh conflicting evidence or evidence susceptible of differing interpretations presents a greater likelihood that they will be improperly influenced by untoward remarks of counsel. *Id.* Jurors in such a case "may be searching for guidance in weighing and interpreting the evidence. They may be especially susceptible to influence, and a small degree of influence may be sufficient to affect the verdict." *Id.*

---

1. Edgar also argues in his opening brief that the statement "Got a drug dealer admittedly" was improper, but he abandoned this claim at oral argument. Accordingly, we do not address it further.

¶22 Because Edgar asserts a Sixth Amendment violation, the *Strickland* standard applies. And, "[w]hen we review an attorney's failure to object to a prosecutor's statements during closing argument, the question is 'not whether the prosecutor's comments were proper, but *whether they were so improper* that counsel's only defensible choice was to interrupt those comments with an objection.'" *State v. Houston*, 2015 UT 40, ¶ 76, 353 P.3d 55 (quoting *Bussard v. Lockhart*, 32 F.3d 322, 324 (8th Cir. 1994)).

¶23 Here, the prosecutor's statement that Edgar claimed to be "moving tons of weight, pounds of heroin" unquestionably misstated the evidence. It thus "call[ed] to the attention of the jurors matters they would not be justified in considering in determining their verdict." *See State v. Thompson*, 2014 UT App 14, ¶ 43, 318 P.3d 1221 (citation and internal quotation marks omitted). However, we express no opinion on whether the statement was so improper that counsel's only defensible choice was to interrupt those comments with an objection. We need not resolve the question of whether defense counsel performed deficiently where, as here, no prejudice resulted in any event.

¶24 As explained above, the evidence of Edgar's guilt was virtually insurmountable. Accordingly, Edgar cannot show a reasonable probability that, had the prosecutor not misstated the testimony—and indeed had the testimony never been admitted—the result of the proceeding would have been any different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

III. Rule 410 Objection

¶25 Finally, Edgar has filed a motion under rule 23B of the Utah Rules of Appellate Procedure seeking remand and a hearing on the question of whether his counsel was ineffective for not objecting under rule 410 of the Utah Rules of Evidence to the admission of statements that he claims, he made in the course of plea negotiations. Specifically, Edgar argues that his statements to the investigating officer that he knew several "big

players of people that carry weight which would mean people who distribute . . . large amounts of illegal drugs, namely methamphetamine [and] . . . that he could provide those people in exchange for leniency on these charges" were "comment[s] made during the course of plea negotiations." Remand is required, Edgar argues, because the record "does not contain any information about Edgar's views of those negotiations." Edgar maintains that his affidavit "shows that he exhibited an actual subjective expectation to negotiate a plea at the time he made his comments to the detective." *See West Valley City v. Fieeiki*, 2007 UT App 62, ¶ 23, 157 P.3d 802.

¶26 We deny the motion for remand on two grounds. First, for reasons explained above, Edgar cannot show that any deficient performance on the part of his trial counsel prejudiced his defense. And second, even if Edgar believed his statement was made in the course of plea negotiations, his counsel did not perform deficiently under the law in effect at the time.

¶27 Rule 410 provides that evidence of "a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea" "is not admissible against the defendant who made the plea or participated in the plea discussions." Utah R. Evid. 410(a)(4). The advisory committee note to the rule states that rule 410(a)(4) "does not cover plea negotiations with public officials other than prosecuting attorneys." *Id.* R. 410 advisory committee note. "We note that, although not authoritative, the advisory committee notes to the Utah Rules of Evidence merit great weight in any interpretation of those rules." *Burns v. Boyden*, 2006 UT 14, ¶ 18 n.6, 133 P.3d 370. Edgar does not contend that the investigating officer to whom he spoke was "an attorney for the prosecuting authority." *See* Utah R. Evid. 410(a)(4).

¶28 Edgar relies on a passage in a 20-year-old unpublished opinion of the United States Court of Appeals for the Sixth Circuit. In that opinion, the Sixth Circuit opines that federal rule

410 "can be fairly read to apply to statements made to a government attorney during the course of plea discussions or to an agent whom the government attorney has authorized to engage in plea discussions." *United States v. O'Neal*, No. 92-5995, 1993 WL 133807, at *8 (6th Cir. Apr. 28, 1993) (per curiam). However, this opinion undermines Edgar's position as much as it supports it, as the Sixth Circuit ruled the statements of the defendant in that case admissible. The court held that "it would not be objectively reasonable to believe that the police had been authorized to negotiate a plea on behalf of the prosecutor if they could not guarantee results." *Id.* Therefore, the court concluded, "the statements made by defendant after he agreed to cooperate with police were not inadmissible as statements made during the course of a plea bargain." *Id.* But more fundamentally, the Sixth Circuit's unpublished interpretation of federal rule 410 is not controlling law in Utah.

¶29   "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). This means, among other things, that we evaluate counsel's performance in light of the law as it existed at the time and place of the representation. *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (assessing counsel's performance in light of Virginia law at the time counsel submitted his opening brief to the Supreme Court of Virginia); *Menzies v. State*, 2014 UT 40, ¶ 76, 344 P.3d 581 (stating that "in assessing whether counsel's performance was deficient, we must look at the facts and law available to counsel at the time of the representation"); *State v. Dunn*, 850 P.2d 1201, 1228 (Utah 1993) ("To establish a claim of ineffectiveness based on an oversight or misreading of law, a defendant bears the burden of demonstrating why, on the basis of the law in effect at the time of trial, his or her trial counsel's performance was deficient.").

¶30 While this court or our supreme court might in the future read Utah's rule 410 as the Sixth Circuit reads its federal counterpart, it has not yet done so. Consequently, we cannot fault trial counsel for representing Edgar in a manner consistent with current Utah law, that is, consistent with the text of rule 410 in light of the advisory committee comment. And by that standard, Edgar does not claim that his "counsel's representation fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688.

¶31 Accordingly, we deny Edgar's motion for remand under rule 23B.

CONCLUSION

¶32 For the foregoing reasons, the judgment of the trial court is affirmed.

―――――――