2017 UT App 54

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
MICHAEL JOHN EDGAR,
Appellant.

Opinion
No. 20150605-CA
Filed March 23, 2017

Fourth District Court, Provo Department
The Honorable Lynn W. Davis
No. 131403330

Emily Adams, Attorney for Appellant

Sean D. Reyes and Marian Decker, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and DAVID N. MORTENSEN
concurred.

VOROS, Judge:

¶1     Michael John Edgar was convicted of various drug-related offenses. He appeals, asserting that his trial counsel performed ineffectively by not seeking to exclude evidence of his connection to a drug dealer and by not objecting to the State's motion to amend the information on the morning of trial. Because Edgar has not demonstrated a reasonable likelihood of a different result had counsel taken these steps, we affirm.

BACKGROUND

¶2     In November 2013 police arrested Edgar after investigating his involvement in the sale of a stolen trailer. At

the time of his arrest, Edgar was driving a borrowed car. Police searched the car and found a briefcase containing various drugs (including heroin), drug paraphernalia, packaging materials, a scale, several driver licenses and credit cards belonging to other individuals, and pill bottles bearing Edgar's name. The manner that the drugs were packaged, along with the "massive amounts of different kinds of pills," was consistent with illegal distribution of controlled substances. The State charged Edgar with nine counts of possession of a controlled substance with intent to distribute, one count of possession of drug paraphernalia, and one count of theft by receiving stolen property.

¶3    On the morning of Edgar's trial, the prosecutor filed a Second Amended Information charging Edgar with committing a crime within 1,000 feet of an athletic training facility and thus within a drug-free zone. Edgar's defense counsel researched the training facility that morning. At trial, an owner of one of the businesses located at the facility testified at trial about its location and the number of children that frequent the facility. One of the responding officers testified that Edgar was about 400 feet from the facility at the time police arrested him. Defense counsel cross-examined the business owner and the responding officer.

¶4    A Drug Enforcement Administration agent also testified that, while charges were pending, Edgar contacted him. When the State asked what Edgar told the agent in their phone conversation, defense counsel objected on relevance grounds. Outside of the presence of the jury, defense counsel explained that testimony relating to the agent's contact with Edgar was irrelevant because the charged conduct occurred eight months before the contact with the DEA. The court overruled the objection and the agent testified that Edgar "was seeking to cooperate with law enforcement in regard to heroin trafficking or [a] heroin trafficker that was operating out of the Salt Lake City area and that he would do so in exchange for consideration with his pending charges in Utah County." The court called the

attorneys to the bench and explained that it did not want "this jury knowing that there are other pending cases" involving Edgar, because it was "potentially approaching prejudicial if he goes into each of the cases."

¶5     The prosecutor examined the agent further about the agent's conversation with Edgar, and the agent testified that the conversation "[h]ad to do with specifically access to a heroin trafficker who was capable of moving large quantities of heroin." The agent testified that "it was pounds specifically that we discussed, that he was capable of dealing in pounds of heroin." The prosecutor asked the agent whether Edgar discussed working with any other officers on a state level and defense counsel objected again. Outside of the presence of the jury, defense counsel explained that his objection related to the risk of revealing Edgar's involvement in other criminal matters:

> I think we're bordering on testimony here that could easily lead to a mistrial. [The DEA agent] has mentioned other cases, he's mentioned . . . working with other state agents that won't be involved in this case, he's talked about matters that happened well after November 7, 2013 and I think the jurors have almost heard enough . . . to further implicate Mr. Edgar in other matters.

Defense counsel later added, "The prejudicial nature of the testimony, there's other cases, he's working with other officers here in the state of Utah, that don't pertain necessarily to this case and we're looking at the facts for November 7, 2013 and what he was doing at that time." The court ruled that evidence that Edgar contacted and made an offer to the agent was admissible, but excluded evidence that Edgar contacted another DEA agent in another case.

¶6     The jury convicted Edgar of six counts of possession with intent to distribute a controlled substance in a drug-free zone, first degree felonies; three counts of possession with intent to

distribute a controlled substance in a drug-free zone, second degree felonies; one count of theft by receiving stolen property, a third degree felony; and one count of use or possession of drug paraphernalia in a drug-free zone, a class A misdemeanor.

## ISSUES AND STANDARD OF REVIEW

¶7     Edgar raises two issues on appeal. First, Edgar contends that the trial court exceeded its discretion under rule 403 of the Utah Rules of Evidence when it allowed the testimony of the DEA agent about Edgar's connection to a drug trafficker. Alternatively, Edgar contends that if his objection to the trial court's admission of the DEA agent's testimony did not preserve the issue, his trial counsel was ineffective for not appropriately objecting to the DEA agent's testimony.

¶8     Second, Edgar contends that his trial counsel was ineffective for failing to object to the State's request for permission to file the Second Amended Information. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.

## ANALYSIS

### I. Rule 403 Evidence

¶9     Edgar first contends that the district court exceeded its discretion under rule 403 when it allowed the testimony of the DEA agent about Edgar's connection to a drug trafficker.

¶10     The State maintains that Edgar did not preserve this claim in the trial court. Edgar responds that his counsel objected to the "'prejudicial nature' of the agent's testimony." "As a general rule, claims not raised before the trial court may not be raised on appeal." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. "An issue is preserved for appeal when it has been presented to the trial

court in such a way that the trial court had the opportunity to rule on it." *State v. Kennedy*, 2015 UT App 152, ¶ 21, 354 P.3d 775.

¶11    Edgar did not preserve the rule 403 argument he asserts on appeal. Although Edgar's trial counsel objected to the DEA agent's testimony, he objected to the agent's reference to Edgar's involvement in other criminal cases, not to his involvement with the drug trafficker. Because this latter argument was not "presented to the trial court in such a way that the . . . court had the opportunity to rule on it," we decline to address it on appeal. *See id.*

¶12    Edgar contends in the alternative that his trial counsel was ineffective "for not appropriately objecting to the DEA agent's testimony." Specifically, Edgar argues that trial counsel "should have realized that testimony that links a defendant charged with a drug crime to a high-level drug trafficker . . . is unfairly prejudicial."

¶13    To succeed on a claim of ineffective assistance of counsel, a defendant must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Nelson*, 2015 UT 62, ¶ 12, 355 P.3d 1031. "Failure to raise futile objections does not constitute ineffective assistance of counsel." *State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546. But showing that an objection would have resulted in the exclusion of inadmissible evidence falls short of demonstrating prejudice. The defendant must in addition show "a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

¶14    Accordingly, we first consider whether a rule 403 objection would have been futile. Rule 403 provides that the court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Utah R. Evid. 403. Rule 403 "imposes . . . [a] heavy burden not only to show that the risk of unfair prejudice is greater than the probative value, but that it 'substantially outweigh[s]' the probative value." *State v. Jones*, 2015 UT 19, ¶ 29, 345 P.3d 1195 (second alteration in original).

¶15 As to probative value, Edgar argues that the DEA agent's testimony "was utterly unhelpful." This is so, he reasons, because while it proved that Edgar knew drug dealers, it did not connect those drug dealers to the charged crimes. He further argues that the testimony unfairly prejudiced him because it encouraged the jury to find him guilty by association.

¶16 We do not agree that the evidence lacked probative value. Edgar was charged with nine counts of possession of a controlled substance with intent to distribute. Police found heroin packaged for individual resale in the briefcase in the car Edgar was driving. Edgar maintained at trial that the drugs were not his. But his connection to a "heroin trafficker who was capable of moving large quantities of heroin" made more probable the State's claim that the drugs were Edgar's. *See, e.g.*, *United States v. Carty*, 993 F.2d 1005, 1011–12 (1st Cir. 1993) (holding that a defendant's "post-arrest statements relating to a cocaine source were probative of his intent and opportunity to possess and distribute cocaine"); *Williams v. State*, 796 A.2d 1281, 1289 (Del. 2002) (holding that defendant's statement that he "personally knew the leader and members of a 'drug distribution organization' was material to show that he had the opportunity to obtain large quantities of drugs for potential distribution"); *State v. Stephan*, No. 90-2823-CR, 1993 WL 9003 at *5 (Wis. Ct. App. Jan. 21, 1993) (holding that defendant's connection with a known drug dealer was relevant to show his source of cocaine and to rebut his defense that the cocaine belonged to someone else). All else being equal, someone who knows a product wholesaler is more likely to retail that product than someone who does not know a wholesaler.

¶17    Nevertheless, we agree with Edgar that the challenged testimony presented a danger of unfair prejudice by inviting an impermissible inference—that because he knew a drug dealer he might be a drug dealer. But as explained above, that impermissible inference varies only a few degrees from a permissible inference—that Edgar's relationship to a heroin wholesaler increased the likelihood that this heroin, packaged for resale, belonged to him. Accordingly, while the challenged testimony carried some danger of unfair prejudice, we conclude that that danger did not substantially outweigh its probative value. We therefore conclude that Edgar has not shown a reasonable probability that an objection to the testimony's admissibility under rule 403 would have been sustained.

¶18    In addition, Edgar has not shown a reasonable probability that, even if such an objection would have been sustained and the challenged testimony excluded, a different trial result would have followed. *See Kimmelman*, 477 U.S. at 375. Edgar argues that "the drugs were found in a briefcase that was locked inside the trunk of the car that Edgar was borrowing from a friend." Thus, without the challenged evidence the jury might have concluded that the heroin did not belong to Edgar. But Edgar's summary of the evidence omits a key fact: the briefcase also contained two prescription bottles bearing Edgar's name. At trial, the prosecution argued that these prescription bottles showed that the drugs in the briefcase also belonged to Edgar: "he was the only occupant in the car, he was driving the car, his prescription bottles were in there." At trial, Edgar did not suggest an innocent explanation for these pill bottles being in the brief case. Nor has he done so on appeal. Edgar also argues that the police officers arrested him because they believed he had stolen a trailer and that they did not suspect him of dealing drugs or observe conduct suggesting that he was dealing drugs. We do not see these facts as exculpatory. That Edgar did nothing suggestive of drug dealing in the course of his arrest would be exculpatory only if an arrested drug dealer would be expected to do something suggestive of drug dealing; because Edgar points

to no such expectation, we conclude that his conduct at the time of his arrest was neutral as to his guilt.

¶19 Accordingly, Edgar has not shown a reasonable probability that the verdict would have been different even if the testimony challenged on appeal had been excluded.

## II. Second Amended Information

¶20 Edgar next contends that his attorney performed ineffectively by not objecting to the State's request for permission to file the Second Amended Information, alleging a drug-free zone enhancement. On the morning of Edgar's trial, the prosecutor moved for leave to file a Second Amended Information, charging Edgar with committing a crime within 1,000 feet of an athletic facility and thus within a drug-free zone. *See* Utah Code Ann. § 58-37-8(4)(a)(viii)–(ix) (LexisNexis 2012). The State presented uncontroverted testimony that the officers pulled Edgar over 400 to 420 feet from the facility. Edgar argues that his trial counsel should have objected and sought a continuance because "the timing of the filing of the Second Amended Information prevented Edgar from fully developing his defense."

¶21 Again, Edgar's claim founders on the prejudice requirement. A defendant claiming that his counsel should have undertaken, or should have been allowed to undertake, further investigation must demonstrate, at minimum, what that further investigation would have uncovered. *See, e.g., State v. Taylor*, 947 P.2d 681, 685 (Utah 1997).

¶22 Here, Edgar argues that his counsel was denied the opportunity to "measure the distance between the new location and the place where Edgar was arrested." That may well be true. But Edgar points us to no evidence suggesting that the facility was more than 1,000 feet from Edgar's arrest location. Accordingly, we cannot conclude that had Edgar's trial counsel objected to the State's request, "the result of the proceeding

would have been different," and Edgar's claim of ineffective assistance of counsel necessarily fails. *See State v. Sessions*, 2014 UT 44, ¶ 31, 342 P.3d 738 (citation and internal quotation marks omitted).

## CONCLUSION

¶23    For the foregoing reasons, the judgment of the trial court is accordingly affirmed.

———————